OPINION
{¶ 1} Defendant-appellant Dustin Smyers appeals the July 28, 2003 Judgment Entry entered by the Muskingum County Court, finding appellant guilty of assault, in violation of R.C.2903.13, and sentencing appellant accordingly, after appellant entered a plea of no contest to the charge. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On May 30, 2003, Det. Michael Ryan of the Muskingum County Sheriff's Office filed a complaint in the Muskingum County Court, charging appellant with one count of assault, in violation of R.C. 2903.13, a misdemeanor of the first degree. On June 9, 2003, appellant's trial counsel entered a plea of not guilty on his behalf. Appellant appeared before the trial court on July 28, 2003, and entered a plea of no contest to the charge. The trial court advised appellant of the constitutional rights he was waiving by entering such a plea. Appellant informed the trial court he understood his rights and was knowingly, intelligently, and voluntarily waiving said rights. Thereafter, the trial court found appellant guilty and sentenced appellant to 120 days incarceration with 60 days suspended, and placed him on probation for a period of two years with conditions. The trial court also imposed a fine of $500, plus costs. The trial court memorialized the conviction and sentence via Judgment Entry filed July 28, 2003.
 {¶ 3} It is from this judgment entry, appellant appeals raising the following assignments of error:
 {¶ 4} "I. The finding of guilt was contrary to Law and an unreasonable abuse of the discretion of the court.
 {¶ 5} "II. The judge acted unreasonably in sentencing defendant to a lengthy jail term with no facts about either the crime or the defendant.
 {¶ 6} "III. It was an abuse of discretion when the court ordered documents filed but would not let defendant meet privately with his attorney.
 {¶ 7} "IV. The Court may not discriminate against the disabled.
 {¶ 8} "V. The Court may not require the defendant to produce his income tax returns in order to qualify for work release.
 {¶ 9} "VI. The Court broke its promise."
 I {¶ 10} In his first assignment of error, appellant maintains the trial court's finding of guilt was contrary to law and an abuse of discretion.
 {¶ 11} R.C. 2937.07, which governs the trial court's actions relative to pleas of "guilty" or "no contest" in misdemeanor cases, provides, in pertinent part: "If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge or magistrate may make finding of guilty or not guilty from the explanation of circumstances, and if guilt be found, impose or continue for sentence accordingly." A plea of no contest is not an admission of guilt; it is "an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Crim.R. 11(B)(2). If a judge finds sufficient facts to support a conviction, he must enter a finding of guilt upon the no contest plea. State v.Thorpe (1983), 9 Ohio App.3d 1, paragraph two of the syllabus. If a judge does not find sufficient facts to support a finding of guilt, he may dismiss the charge or find the defendant guilty of a lesser included offense which is shown by those alleged facts. Id.
 {¶ 12} Pursuant to R.C. 2937.07, the record must provide an "explanation of circumstances" which includes a statement of the facts supporting all of the essential elements of the offense.Chagrin Falls v. Katelanos (1988), 54 Ohio App.3d 157, paragraph four of the syllabus; Cuyahoga Falls v. Bowers
(1984), 9 Ohio St.3d 148, 150. If the judge relies upon documentary evidence to support a finding of guilt, the record must reflect this reliance. Katelanos, supra; Cuyahoga Falls,
supra. The mere fact the record includes documents which show guilt is not enough. Katelanos, supra at 159. The law, however, does not prohibit a defendant from waiving the "explanation of circumstances" requirement of R.C. 2937.07. State v. Ritch (May 11, 1998), Scioto App. No. 97CA2491, unreported, State v. Bolen
(June 19, 1991), Medina App. No. 1986, unreported, Twinsburg v.Corporate Sec., Inc. (Feb. 21, 1996), Summit App. No. 17265, unreported.
 {¶ 13} The State submits the record demonstrates appellant implicitly waived any explanation of circumstances required by R.C. 2937.07. The State cites City of Cleveland v. Serrano
(Nov. 10, 1999), 8th District No. 74552, unreported as authority for the proposition a defendant may waive the explanation of circumstances requirement of R.C. 2937.07. Unlike the instant action, the defendant in Serrano expressly waived an explanation of the circumstances. We find this exchange does not constitute a waiver, either implicit or explicit. The State directs us to the following exchange to support its waiver argument:
 {¶ 14} "THE COURT: Mr. Smyers or Mr. Marczewski, is there anything you'd like to say before I make a finding with regard to this charge or assault?
 {¶ 15} "MR. MARCZEWSKI: Not with regard to the finding, but with regard to sentencing we would."
 {¶ 16} Tr. at 4.
 {¶ 17} Accordingly, we find the trial court's finding of guilt was erroneous.
 {¶ 18} Appellant's first assignment of error is sustained.
 II, III, IV, V, VI {¶ 19} In light of our disposition of appellant's first assignment of error, appellant's remaining assignments are moot.
 {¶ 20} The judgment of the Muskingum County Court is reversed.
Hoffman, P.J., Farmer, J. and Wise, J. concur.