DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Randolph Roth, appeals from his convictions in the Elyria Municipal Court, Traffic Division, for driving while intoxicated ("DWI") and improper backing. We affirm.
 I. {¶ 2} On August 19, 2003, Mr. Roth was driving westbound on U.S. Route 20 in North Ridgeville, when a police officer driving eastbound observed Mr. Roth straddling the center lane marker. The police officer turned around to follow Mr. Roth, and subsequently observed him cross over the center lane marker into the center turning lane four separate times. The officer stopped Mr. Roth, and as he was advising dispatch of the traffic stop and Mr. Roth's vehicle registration, Mr. Roth backed up his vehicle and struck the front of the officer's vehicle.
 {¶ 3} The police officer then approached Mr. Roth's vehicle and detected strong odor of an alcoholic beverage on Mr. Roth's breath and person. When asked why he backed his car into the officer's car, Mr. Roth responded in very thick and slurred speech that he had not backed into the vehicle. The officer then had Mr. Roth exit the vehicle, and performed field sobriety tests on him.
 {¶ 4} Mr. Roth was then arrested, his car inventoried and towed, and he was taken to the North Ridgeville Police Department. Upon arrival at the police department, Mr. Roth was shown and read the Bureau of Motor Vehicles Form 2255, "Report of Peace Officer, Administrative License Suspension." Mr. Roth agreed to take a breathalyzer test, which returned results of .18% blood alcohol concentration. Additionally, Mr. Roth was placed under an administrative license suspension pursuant to R.C. 4511.191, and his license was seized.
 {¶ 5} On August 19, 2003, citations were issued charging Mr. Roth with the following: (1) one count of DWI with a prohibited blood alcohol concentration, in violation of R.C. 4511.19(A)(1), a first-degree misdemeanor; (2) one count of improper backing, in violation of R.C. 4511.38, a minor misdemeanor; (3) one count of excess blood-alcohol concentration, in violation of R.C.4511.19(A)(6),[1] a first-degree misdemeanor; and (4) one count of driving in marked lanes, in violation of R.C. 4511.33, a minor misdemeanor. Mr. Roth initially pled not guilty to all charges.
 {¶ 6} On August 26, 2003, Mr. Roth filed a motion for a bill of particulars, and a request for notice of the prosecution's intent to use certain evidence pursuant to Traf.R. 11(D). On September 5, 2003, Mr. Roth filed a motion for vocational driving privileges. On September 16, 2003, Mr. Roth filed a motion for the court to issue an order directing the clerk of courts to issue subpoenas for the North Ridgeville Police Department for the production of various evidence in advance of trial, pursuant to Crim.R. 17(C). On September 30, 2003, Mr. Roth filed a motion to suppress pursuant to Crim.R. 12(C)(3), to suppress "any and all physical evidence that the City intends to use at trial, and any and all statements made by Defendant to the police that the City intends to use at trial, and all testimony concerning the results of a breathalyzer test which was administered to Defendant[.]" On October 7, 2003, the city of North Ridgeville filed a discovery response identifying the evidence to be relied upon.
 {¶ 7} Thereafter, a pretrial hearing was held, pursuant to which the trial court issued an order on October 8, 2003 which stated, "[f]or good cause shown, by agreement of the parties, Defendant hereby withdraws Motion for Discovery and Motion for Bill of Particulars[,]" with the condition that the prosecutor provide certain evidentiary materials. Additionally, the order noted that the motion to suppress and jury demand were withdrawn. The order also denied Mr. Roth's motion for the court to order the clerk to issue subpoenas. The court reasoned that it is the party's responsibility to file subpoenas with the clerk if necessary. The order was signed by the trial judge, the prosecutor, and Mr. Roth's counsel.
 {¶ 8} On October 10, 2003, Mr. Roth filed a demand for a jury trial. Thereafter, the prosecution made a recommendation for sentencing, including a merger of the driving in marked lanes and excess blood alcohol concentration charges. A hearing was held on October 14, 2003, during which Mr. Roth withdrew his not guilty pleas on the DWI and improper backing charges, and entered into a negotiated no contest plea on each of these counts. The court advised Mr. Roth that he would be waiving, inter alia, his right to a trial by jury. Mr. Roth acknowledged this fact, and the court then determined that he knowingly waived this right. The court accepted Mr. Roth's no contest plea, and found Mr. Roth guilty of these counts. The court also merged and dismissed the excess blood alcohol concentration and driving in marked lanes charges upon recommendation of the prosecution. Thereafter, the court sentenced Mr. Roth accordingly, terminated the administrative license suspension order, and granted him vocational driving privileges. This appeal followed.
 {¶ 9} Mr. Roth timely appealed, asserting three assignments of error for review.
 II. A. First Assignment of Error
"The trial court violated r.c. 2937.07 and committed reversible prejudicial error to defendant/appellant by finding him guilty without an explanation of circumstances after his plea of no contest."
 {¶ 10} In his first assignment of error, Mr. Roth contends that the trial court prejudicially erred when it found him guilty of the charges without providing an explanation of circumstances at the time that he entered his no contest plea. We disagree.
 {¶ 11} R.C. 2937.07, which governs the taking of misdemeanor pleas, provides that in pleading no contest to a misdemeanor, "it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances[.]" See State v. Waddell (1995),71 Ohio St.3d 630, 631. A no contest plea may not be the basis for a finding of guilt without an explanation of circumstances that includes a statement of the facts which support all of the essential elements of the offenses. Cuyahoga Falls v. Bowers (1984),9 Ohio St.3d 148, 151.
 {¶ 12} However, a defendant is not precluded from waiving the explanation of circumstances. State v. Bolen (June 19, 1991), 9th Dist. No. 1986; Broadview Hts. v. Burrows (Oct. 4, 2001), 8th Dist. No. 79161; State v. Smyers, 5th Dist. No. CT03-0039, 2004-Ohio-851, at ¶ 12. Such a waiver precludes an appellant from raising the argument on appeal, because an appellant cannot raise as error a trial court's action that the appellant himself induced or invited the court to make. Burrows, supra, citingState ex rel. Beaver v. Konteh (1998), 83 Ohio St.3d 519, 521;State v. Nievas (1997), 121 Ohio App.3d 451, 456. Because Mr. Roth's counsel explicitly waived a reading of the facts, Mr. Roth cannot now raise on appeal the argument that the court did not read the facts at the time that he made his no contest plea. SeeSmyers at ¶ 12.
 {¶ 13} Mr. Roth now claims that the invited error doctrine does not apply to this case, because it was the trial court that itself induced the waiver, claiming that the court itself "push[ed] the issue." Based upon the discussion on the record between the court, Mr. Roth, and Mr. Roth's counsel at the October 14, 2003 hearing, we cannot agree with Mr. Roth's claim. The trial court noted that in negotiated plea cases such as the instant case, there is generally a waiver of this sort. However, the court did not coerce counsel, but merely asked counsel whether there would be a waiver, and counsel answered in the affirmative.
 {¶ 14} Mr. Roth also essentially argues that the court was required to determine that he was making a knowing, voluntary, and intelligent waiver of an explanation of a reading of the circumstances and stipulation of a finding of guilt. We are not aware of a requirement that such waivers need to be made in such manner and Mr. Roth fails to support this argument with any applicable legal authority indicating so. See App.R. 16(A)(7); Loc.R. 7(A)(6). Accordingly, Mr. Roth's first assignment of error is overruled.
 B. Second Assignment of Error
"The trial court committed reversible error when it failed to correctly determine whether defendant/appellant's plea of no contest was knowingly, voluntarily and intelligently made."
 {¶ 15} In his second assignment of error, Mr. Roth contends that the trial court committed reversible error when it incorrectly determined that his entrance of a no contest plea on the DWI and improper backing charges was made knowingly, voluntarily, and intelligengly. Mr. Roth's second assignment of error is without merit.
 {¶ 16} As an initial matter, Mr. Roth argues that the offenses that he was charged with do not constitute petty offenses as defined by the Traffic Rules. He insists that because the aggregate sum of the possible maximum penalties for the four charges amounts to a period of more than six months, that the offenses that he was charged with fit under the definition for a serious offense, thereby requiring the court to comply with Traf.R. 10(C) governing misdemeanors involving serious offenses, rather than Traf.R. 10(D). While Traf.R. 10(C) explicitly requires the court to personally address the defendant, inform him or her of the effect of a plea, and determine that the plea is being made voluntarily, Traf.R. 10(D) only requires the court to inform the defendant of the effect of a plea.
 {¶ 17} Under Traf.R. 2(D), a "petty offense" is defined as "an offense for which the penalty prescribed by law includes confinement for six months or less[,]" and Traf.R. 2(E) defines a "serious offense" as "an offense for which the penalty prescribed by law includes confinement for more than six months." These definitions provide no provision for the accumulation of potential maximum penalties to change the level of the offense. Therefore, Mr. Roth's argument that the charges amount to serious offenses defies logic, and Traf.R. 10(D) governing petty offenses applies.
 {¶ 18} In State v. Watkins, 99 Ohio St.3d 12, 2003-Ohio-2419, the Court explained the requirements that must be met before a court accepts a no contest plea:
"A judge's duty to a defendant before accepting his guilty or no contest plea is graduated according to the seriousness of the crime with which the defendant is charged. Crim.R. 11 distinguishes between `pleas of guilty and no contest in felony cases (Crim.R. 11[C]), `misdemeanor cases involving serious offenses' (Crim.R. 11[D]), and `misdemeanor cases involving petty offenses' (Crim.R. 11[E]). The requirements placed upon a court take steady steps that culminate in Crim.R. 11(C).
"In all cases, the judge must inform the defendant of the effect of his plea. In felony cases and misdemeanor cases involving serious offenses, a judge must also `address the defendant personally' and `determine that the defendant is making the plea voluntarily." Watkins at ¶ 25-26.
The Supreme Court in Watkins concluded that because the defendant's charge for a DUI in violation of R.C. 4511.19(A)(1) involved violations of traffic ordinances, the Traffic Rules applied to that case. Id. at ¶ 10. Similarly, Mr. Roth was charged with and pled no contest to violations of R.C.4511.19(A)(1) and R.C. 4511.38, thus also involving violations of Traffic Rules. Id.
 {¶ 19} Traf.R. 10(D) provides that in the case of a misdemeanor involving a petty offense, a no contest plea may not be accepted unless the defendant is informed of the effect of such a plea. In Watkins, the Court held that where a defendant is charged with a petty misdemeanor traffic offense and pleads no contest the offense, a trial court must comply with the requirements of Traf.R. 10(D) by informing the defendant of the information contained in Traf.R. 10(B). Watkins at syllabus. Traf.R. 10(B), effect of guilty or not contest plea, states that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."
 {¶ 20} The transcript of the videotaped hearing reveals that the trial court informed Mr. Roth of the fact that his no contest plea was not an admission of guilt but an admission of facts in the complaint filed against him, and further, that this admission cannot be used against him in any other proceeding. See Traf.R. 10(B)(2). Therefore, we conclude that the trial court complied with the Traffic Rule requirements, and as such did not commit any error in this respect. Accordingly, Mr. Roth's second assignment of error is overruled.
 C. Third Assignment of Error
"The trial court erred in overruling defendant/appellant's pretrial motions thereby violating his rights which induced a negotiated plea of no contest."
 {¶ 21} In his third assignment of error, Mr. Roth contends that the trial court erred when it denied his pretrial motions. We disagree.
 {¶ 22} As an initial matter, we observe the Mr. Roth begins his arguments by claiming that the trial court failed to rule on the following motions: (1) motion for bill of particulars; (2) request for notice of prosecutorial intent to use certain evidence; (3) motion for vocational driving privileges; (4) motion to order discovery; (4) motion to suppress; and (5) motion for jury trial. However, Mr. Roth's claims are unsubstantiated by the record. In its order dated October 8, 2003, the court specifically noted that the parties had agreed to withdraw the motions for a bill of particulars and for discovery, and noted that the motion to suppress and the jury demand were withdrawn. Additionally, the court did in fact rule on Mr. Roth's motion for vocational privileges, and noted its ruling in the journal entry and sentencing order from which Mr. Roth appealed to this Court. Our review of the record also indicates that the prosecution had submitted a response to discovery that indicated what evidentiary materials they planned to rely upon, rendering a ruling on this motion unnecessary. Therefore, Mr. Roth's claim that the court failed to rule on these motions is unavailing.
 {¶ 23} Mr. Roth then proceeds to argue that the trial court's failure to issue an order to compel the prosecutor to give notice of the intent to use certain evidence at trial prejudiced his ability to adequately object by filing motions to suppress and for discovery. However, as already noted, Mr. Roth in fact filed a motion to suppress evidence, and the prosecution had filed a response to discovery noting evidentiary materials to be used and witnesses anticipated. Besides proffering this simple argument, Mr. Roth fails to demonstrate how he was in fact prejudiced by the court's failure to rule on this motion in the interim. See Crim.R. 52(A). Mr. Roth references a motion to compel discovery that he had purportedly filed with the court before trial to obtain other witness names and his booking photographs. He argues that the court erred in failing to grant this motion. However, our review of the record does not reveal any such motion. An appellant bears the burden of supplying those portions of the record which demonstrate the error on appeal. Volodkevich v.Volodkevich (1989), 48 Ohio App.3d 313, 314. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Therefore, we presume the validity of the trial court's proceedings on this matter.
 {¶ 24} In addition to his argument that the trial court failed to rule on his motion to suppress, Mr. Roth asserts that it was error for the trial court to not hold a hearing on this motion or issue factual findings on the motion. Because the motion to suppress was withdrawn, there was no need for the court to hold a hearing or issue factual findings. By withdrawing the motion, Mr. Roth effectively induced these results; therefore, he cannot raise them as claimed errors on appeal. See Burrows,
supra; State ex rel. Beaver, 83 Ohio St.3d at 521; Nievas,121 Ohio App.3d at 456.
 {¶ 25} Mr. Roth argues that the trial court erred by failing to order the prosecution to provide him with a bill of particulars. However, as Mr. Roth withdrew this motion and thus induced the court to not issue such an order, he cannot raise this as a claimed error, as well. See Burrows, supra; State exrel. Beaver, 83 Ohio St.3d at 521; Nievas,121 Ohio App.3d at 456.
 {¶ 26} Mr. Roth also argues that the trial court did not properly convict and sentence him because it did not have a valid waiver of a jury trial. However, at the plea hearing, the court explicitly informed Mr. Roth that he would be waiving his right to a jury trial by entering a no contest plea, and Mr. Roth acknowledged this fact. Therefore, Mr. Roth's contention lacks merit.
 {¶ 27} Mr. Roth argues that the trial court's October 7, 2003 ruling was invalid because he did not consent to the order, and because the prosecution did not comply with the order's conditional requirement that the prosecution provide various additional evidentiary materials. As to Mr. Roth's consent argument, we observe that the October 7, 2003 order was signed by the trial judge, prosecutor, and Mr. Roth's counsel. An attorney's actions are imputed to a client, and as such his counsel signed and accepted the agreed order on Mr. Roth's behalf. See, generally, Whitt v. Newmedia, Inc. (July 21, 1998), 10th Dist. No. 07APE12-1625, citing GTE Automatic Elec.v. ARC Indus. (1976), 47 Ohio St.2d 146, 153; Argo PlasticProds. Co. v. Cleveland (1984), 15 Ohio St.3d 389, 392-93. Therefore, this argument is unavailing.
 {¶ 28} Mr. Roth also argues that the trial court would not rule on his motion for vocational driving privileges until after he entered a no contest plea, in order to force him to enter a no contest plea. Our review of the record reveals that the trial court granted vocational driving privileges to Mr. Roth after he was found guilty at the hearing. However, Mr. Roth does not provide this Court with any citations to pertinent portions of the record that would support his contention that the trial court was somehow trying to itself effect a settlement. This omission alone provides sufficient grounds for this Court to disregard this argument. See Loc.R. 7(E); App.R. 16(A)(3). Mr. Roth also fails to cite any applicable legal authorities to develop this particular issue. See App.R. 16(A)(7). Furthermore, our review of the record does not reveal facts to support this claim. Contrary to Mr. Roth's contention, the trial court did not display coercion during the hearing. Rather, the trial judge conducted the proceeding in an open, cordial, and informative manner.
 {¶ 29} Finally, Mr. Roth argues that the trial court erred in denying his motion for a court order directing the clerk of courts to issue subpoenas for various evidence. Crim.R. 17(A) provides that a clerk must issue subpoenas for documentary evidence to a party that requests it. The rule does not provide that the court is to be directly involved in this subpoena issuance process. Therefore, it was not an error for the court to deny this motion and state that it was Mr. Roth's responsibility to instead directly request a subpoena from the clerk of courts.
 {¶ 30} Mr. Roth's third assignment of error is overruled.
 III. {¶ 31} Mr. Roth's first, second, and third assignments of error are overruled. Mr. Roth's convictions in the Elyria Municipal Court, Traffic Division, are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., and Boyle, J. concur.
[1] At the time these citations were issued, a prior version of this statute was in effect. The current version of this subsection, while substantively unchanged, has been renumbered.