OPINION
{¶ 1} Appellant Dustin Smyers appeals his conviction, in the Muskingum County Court, for one count of assault, a first degree misdemeanor, on the basis that his conviction is in violation of the constitutional prohibition against double jeopardy. The following facts give rise to this appeal.
 {¶ 2} On May 25, 2003, appellant assaulted the victim, Jamie O'Neil, by striking him on the arm with a baseball bat. Mr. O'Neil suffered a broken arm from the attack. Thereafter, the state charged appellant with one count of assault, a first degree misdemeanor. On July 28, 2003, appellant entered a plea of no contest to the assault charge. The trial court found appellant guilty and sentenced him accordingly.
 {¶ 3} Thereafter, appellant appealed to this Court. In State v.Smyers, Muskingum App. No. CT03-0039, 2004-Ohio-851, we reversed appellant's conviction holding that the trial court's finding of guilt was erroneous because the court did not consider any explanation of circumstances after it accepted appellant's no contest plea.
 {¶ 4} In Smyers I, we did not remand this matter to the trial court. However, following our reversal, this matter was rescheduled for a pre-trial conference. At the pre-trial conference, the trial court dismissed Case No. CRB0300399 on the basis that it lacked jurisdiction to proceed because our memorandum opinion and judgment entry did not remand this matter to the trial court.
 {¶ 5} Subsequently, on April 20, 2004, the state re-filed the original assault charge under Case No. CRB0400260. Appellant filed a motion to dismiss on May 10, 2004. By judgment entry dated June 25, 2004, the trial court denied appellant's motion to dismiss concluding the reversal inSmyers I was not based upon insufficiency of the evidence, but solely upon procedural error by the trial court in accepting appellant's no contest plea. Thus, the trial court concluded jeopardy did not attach. Thereafter, on August 9, 2004, appellant entered a no contest plea and the trial court imposed sentence equal to that rendered in Case No. CRB0300399, with credit for time served and monies paid.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The court erred when it allowed a new case to be brought against the defendant in violation of the constitutional prohibition against double jeopardy.
 {¶ 8} "II. The county court had no jurisdiction to hear the new case while jurisdiction remained with this court.
 {¶ 9} "III. The county court erred by forcing the defendant to be put in jeopardy twice when it assumed jurisdiction on a case that had been reversed for insufficient evidence."
 I {¶ 10} In his First Assignment of Error, appellant maintains the trial court erred when it denied his motion to dismiss in violation of the constitutional prohibition against double jeopardy. We agree.
 {¶ 11} The Fifth Amendment to the United States Constitution provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb[.]" Through the operation of the Fourteenth
Amendment, the Fifth Amendment protection against double jeopardy has been applied to the states. Further, Section 10, Article I of the Ohio Constitution provides that "no person shall be twice put in jeopardy for the same offense." The double jeopardy clause of each constitution prohibits the following: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. See Statev. Gustafson (1996), 76 Ohio St.3d 425, 432.
 {¶ 12} In the case sub judice, appellant contends the state is not permitted to charge him with the same criminal offense a second time because jeopardy attached when we reversed his conviction in Case No. CRB0300399. The state maintains the omission of sufficient evidence at appellant's plea hearing, in Case No. CRB0300399, was a procedural defect and therefore, jeopardy did not attach. The state's argument focuses on the distinction between trial error and evidentiary insufficiency and how this distinction impacts the Double Jeopardy Clause of the Fifth
Amendment.
 {¶ 13} In Burks v. United States (1978), 437 U.S. 1, the United States Supreme Court held that the Double Jeopardy Clause of the Fifth Amendment precludes a second trial once the reviewing court has found the evidence insufficient to support a conviction. In reaching this conclusion, the Court first found it necessary "* * * to consider carefully the respective roles of these two types of reversals in double jeopardy analysis." Id. at 15. In doing so, the Court explained:
 {¶ 14} "In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished. [Citations omitted.]
 {¶ 15} "The same cannot be said when a defendant's conviction has been overturned due to a failure of proof at trial, which case the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble. Moreover, such an appellate reversal means that the government's case was so lacking that it should not have even been submitted to the jury. Since we necessarily afford absolute finality to a jury's verdict of acquittal — no matter how erroneous its decision — it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it is decided as a matter of law that the jury could not properly have returned a verdict of guilty." (Emphasis sic.) Id. at 15-16.
 {¶ 16} In its judgment entry denying appellant's motion to dismiss, the court specifically held that the reversal in Case No. CT03-0039 "* * * was not based on insufficiency of the evidence. It was based solely on a procedural defect on behalf of the Court (trial error)." Judgment Entry, June 25, 2004, at 1. In Smyers I, we explained that "[p]ursuant to R.C. 2937.07,[1] the record must provide an `explanation of circumstances' which includes a statement of the facts supporting all of the essential elements of the offense." State v. Smyers, supra, at ¶ 12. However, the law does not prohibit the defendant from waiving the "explanation of circumstances" requirement of R.C. 2937.07. Id. Based upon our review of the plea transcript in Smyers I, we concluded the state did not provide an explanation of circumstances and appellant did not waive such explanation.
 {¶ 17} For purposes of this appeal, we find the failure to provide the "explanation of circumstances" was not trial error, but instead resulted in insufficient facts to support a finding of guilt. If a judge does not find sufficient facts to support a finding of guilt, he or she may dismiss the charge or find the defendant guilty of a lesser included offense which is shown by those alleged facts. State v. Thorpe (1983),9 Ohio App.3d 1, paragraph two of the syllabus. The Second District Court of Appeals recently reached the same conclusion in State v.Stewart, Montgomery App. No. 19971, 2004-Ohio-3103, wherein the court held:
 {¶ 18} "Under R.C. 2937.07, when a no-contest plea is accepted in a misdemeanor case, the explanation of circumstances serves as the evidence upon which the trial court is to base its finding of guilty or not guilty. Here, that evidence was insufficient to support a conviction. When a conviction is reversed for insufficiency of the evidence, jeopardy has attached, and a remand for a new determination of guilt or innocence is barred by double jeopardy. [Citation omitted.]" Id. at 3.
 {¶ 19} Thus, we conclude double jeopardy attached when we reversed this matter on the basis of insufficient evidence for failure to comply with R.C. 2937.07. Accordingly, the trial court erred when it denied appellant's motion to dismiss Case No. CRB0400260. We remand this matter, to the trial court, for the court to reverse appellant's conviction in Case No. CRB0400260 and to return to appellant any costs and fines incurred by him as it pertains to the case sub judice.
 {¶ 20} Appellant's First Assignment of Error is sustained. Appellant's Second and Third Assignments of Error are moot based upon our disposition of appellant's First Assignment of Error.
By: Wise, J. Farmer, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the County Court of Muskingum County, Ohio, is reversed and remanded for further proceedings consistent with this opinion. Costs assessed to Appellee.
[1] R.C. 2937.07 provides, in pertinent part, as follows:
"A plea to a misdemeanor offense of `no contest' or words of similar import shall constitute a stipulation that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense. If a finding of guilty is made, the judge or magistrate shall impose the sentence or continue the case for sentencing accordingly. A plea of `no contest' or words of similar import shall not be construed as an admission of any fact at issue in the criminal charge in any subsequent civil or criminal action or proceeding."