DECISION AND JUDGMENT ENTRY {¶ 1} In May 2002, appellant, Krista Harris, was found guilty and sentenced on one count of receiving stolen property, one count of attempted theft from an elderly person, and nine counts of theft from an elderly person. That conviction was reversed by this court and remanded to the trial court for a new trial. See State v. Harris, 6th Dist. No. E-02-019, 2003-Ohio-5190. At the conclusion of the second trial, appellant was *Page 2 
again found guilty of and sentenced on one count of receiving stolen property, one count of attempted theft from an elderly person, and nine counts of theft from an elderly person.
 {¶ 2} Appellant again appealed from that decision, and this court affirmed the conviction, but remanded the case for resentencing pursuant to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. See State v.Harris, 6th Dist. No. E-04-034, 2006-Ohio-1396. In September 2006, this court granted her application for reopening of that appeal based on ineffective assistance of appellate counsel, but limited the appeal to the following two assignments of error:
 {¶ 3} "First Assignment of Error
 {¶ 4} "The trial court denied Ms. Harris due process of law when it convicted her of a third-degree felony for a fourth degree felony offense, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, and Section16, Article I of the Ohio Constitution.
 {¶ 5} "Second Assignment of Error
 {¶ 6} "Ms Harris was placed in jeopardy twice for Count Eight of the amended indictment, in violation of the Fifth Amendment to the United States Constitution, and Section 10, Article I of the Ohio Constitution."
 {¶ 7} Appellant has also argued a third assignment of error, as follows:
 {¶ 8} "Third Assignment of Error
 {¶ 9} "Appellate counsel rendered ineffective assistance by failing to raise the trial court's plain error as to Count Eight and Count Nine." *Page 3 
 I. {¶ 10} In her first assignment of error, appellant argues that the trial court erred in sentencing her on Count 9 for a felony of the third degree, when the original indictment charged her with a violation of R.C. 2912.02(B)(3), a felony of the fourth degree. The record demonstrates that this discrepancy exists. Furthermore, the state concedes that the court made what appears to be a "typographical error" in its judgment entry. Regardless of reason for the mistake, we agree that the trial court erred in sentencing appellant for a third degree felony since she was charged only with and found guilty of a fourth degree felony. Therefore, we conclude that the case must, again, be remanded for re-sentencing as to Count 9.
 {¶ 11} Accordingly, appellant's first assignment of error is well-taken.
 II. {¶ 12} In her second assignment of error, appellant claims that her second trial on remand on the original charges violated her constitutional rights against double jeopardy. Appellant suggests that she could not be retried on the original third degree felony charge of stealing $6,000, because during the first trial, the jury found her guilty of stealing only $4,000, dropping the offense to a fourth degree felony. Appellant argues that the jury essentially found her "not guilty" of the third degree felony charge and she can only be retried on the fourth degree felony offense.
 {¶ 13} A reversal on appeal based upon the sufficiency of the evidence bars retrial for the same offense because it was due to a failure of proof by the prosecution to prove *Page 4 
its case. Burks v. United States (1978), 437 U.S. 1, 14-15; State v.Smyers, 5th Dist. No. 2004-0039, 2005-Ohio-2912, ¶ 15. Reversal based only upon trial error, however, "is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect." Burks, supra: Smyers, supra, at ¶ 14. The appellate remedy for this defective process is to remand the case to the trial court, usually for retrial, because "the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." Burks, supra, at 15. See, also, United States v.Scott (1978), 437 U.S. 82, 89 (successful appeal of a conviction precludes a subsequent plea of double jeopardy); State v. Keenan (1998),81 Ohio St.3d 133, 141 (double jeopardy does not bar retrial of defendant after successful appeal based on mistrial); State v. Sage
(1987), 31 Ohio St.3d 173 (no appeal based on double jeopardy when the retrial was the result of reversal on appeal of prior conviction);State v. Liberatore (1982), 69 Ohio St.2d 583, paragraph two of the syllabus (retrial for the same offense, after reversal of a prior conviction on appeal, does not constitute a violation of the constitutional provision prohibiting double jeopardy).
 {¶ 14} In this case, appellant's first reversal on appeal was not based upon insufficient evidence. Rather, her conviction was reversed on trial error, i.e., she did not receive a fair trial because of a violation involving her constitutional right to counsel. See State v.Harris, 6th Dist. No. E-02-019, 2003-Ohio-5190. The effect of the reversal is that the conviction was vacated, placing appellant back in the position she was in after *Page 5 
indictment but prior to trial, before any jury determinations had been made. In other words, appellant's appeal simply gave her a second chance at a fresh trial on the same charges, but with a new jury and new counsel. Therefore, we conclude that double jeopardy principles did not bar appellant's reprosecution on remand.
 {¶ 15} Accordingly, appellant's second assignment of error is not well-taken.
 {¶ 16} We will also address appellant's third assignment of error, ineffective assistance of counsel, which was not included in our grant of re-opening. In light of our discussions and disposition of appellant's first and second assignments of error, we conclude that appellant's third assignment of error is also without merit.
 {¶ 17} Accordingly, appellant's third assignment of error is not well-taken.
 {¶ 18} The judgment of the Erie County Court of Common Pleas is affirmed, in part, and reversed, in part. This case is remanded for resentencing appellant as to Count 9 of the conviction. Appellant and appellee are each ordered to pay one-half of the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED, IN PART, AND REVERSED, IN PART. Arlene Singer, J. JUDGE
William J. Skow, J. JUDGE
Thomas J. Osowik, J. JUDGE
 CONCUR. *Page 1