The STATE of Ohio, Appellant,

v.

SPEER, Appellee.

[Cite as State v. Speer, 190 Ohio App.3d 389, 2010-Ohio-5648.]

Court of Appeals of Ohio,
Sixth District, Ottawa County.

No. OT–10–021.

Decided Nov. 19, 2010.

---

Mark E. Mulligan, Ottawa County Prosecuting Attorney, for appellant.

Bradley Davis Barbin, for appellee.

Osowik, Presiding Judge.

{¶ 1} This is an appeal from a judgment of the Ottawa County Court of Common Pleas that denied appellant's motion to reinstate all charges. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, the state of Ohio, sets forth the following sole assignment of error:

{¶ 3} "The trial court erred denying appellant's motion to reinstate all charges against Scott Speer because the trial court's error in the first case precluded a valid twelve-person jury, and thus deprived the state its one full fair opportunity to present its evidence."

{¶ 4} The following undisputed facts are relevant to the issues raised on appeal. On March 1, 2006, appellee, Speer, was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06 and one count of involuntary manslaughter in violation of R.C. 2903.04. On February 27, 2007, Speer was indicted on one count of aggravated murder in violation of R.C. 2903.01 and one count of murder in violation of R.C. 2903.02.

{¶ 5} The indictments against Speer stemmed from a fatal incident in which a man fell from Speer's boat and drowned in Lake Erie. The cases proceeded to jury trial. The trial commenced October 15, 2007, and concluded on October 24, 2007. Speer was convicted of the aggravated-vehicular homicide and involuntary-manslaughter charges and acquitted on the aggravated-murder and murder charges.

{¶ 6} The convictions were appealed to this court. On appeal, we reversed the convictions on the basis that the trial court prejudicially erred with respect to the convictions in not excusing a hearing-impaired juror for cause. *State v. Speer*, 180 Ohio App.3d 230, 2008-Ohio-6947, 904 N.E.2d 956. The Ohio Supreme Court affirmed our reversal of Speer's convictions. *State v. Speer*, 124 Ohio St.3d 564 2010-Ohio-649, 925 N.E.2d 584.

{¶ 7} On April 12, 2010, the trial court conducted a hearing on appellant's motion to reinstate all charges originally filed against Speer, both the reversed convictions and the acquittals. The determinative issue facing the trial court was whether double jeopardy precluded appellant from retrying Speer on the charges for which he was acquitted following jury trial. In denying appellant's motion, the trial court held, "Retrying Defendant on those two charges would violate the Double Jeopardy clause of the U.S. and Ohio Constitution." Timely notice of appeal was filed.

{¶ 8} In its assignment of error, appellant asserts that the trial court erred in refusing to permit the refiling of the charges against Speer for which he was previously acquitted because the trial court error precluded appellant from a full and fair opportunity to present its case against Speer. The underlying premise of appellant's position is that the trial court error that served as the basis to reverse the appealed convictions should likewise be construed as voiding the acquittals as a matter of law, thereby preventing the applicability of double jeopardy to those acquittals.

{¶ 9} In support of its assignment, appellant relies fundamentally upon this court's decision in *State v. Harris*, 6th Dist. No. E–04–034, 2007-Ohio-2397, 2007 WL 1452797. In *Harris*, this court determined that double jeopardy did not prohibit retrial on the charges for which the convictions were reversed, given that the reversible issue was not rooted in sufficiency of evidence but rather in trial-court error.

{¶ 10} It is axiomatic in American jurisprudence that the constitutional principle and prohibition against double jeopardy prohibits any person from being "twice put in jeopardy for the same offense." Section 10, Article I, Ohio Constitution. In conformity with this axiomatic element of our judicial system, the United States Supreme Court has unambiguously affirmed that the double-jeopardy constitutional protection uncompromisingly prohibits a person from being subject to a second trial following an acquittal on that offense. *Fong–Foo v. United States* (1962), 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629. *Fong–Foo* held that the constitutional protection against double jeopardy and the related public interest in the finality of an acquittal of a criminal defendant is so powerful that a person may not be retried following an acquittal even when the acquittal was based upon an egregious error.

{¶ 11} We have carefully reviewed and considered appellant's position in this matter. We find that appellant's reliance upon *Harris* is misplaced. *Harris* addressed the ability to retry a person after convictions were reversed because of trial-court error. In determinative contrast, this dispute centers upon the desire to retry a person on the same charges for which the person was acquitted. Appellant can cite no controlling precedent in support of the premise underlying this appeal that it is constitutional to retry Speer on the identical charges for which he was previously tried and acquitted. The federal and state double-jeopardy provisions, *Fong–Foo*, and a wealth of affirming caselaw preclude such an outcome. Appellant's sole assignment of error is not well taken.

{¶ 12} On consideration whereof, the judgment of the Ottawa County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

HANDWORK and SINGER, JJ., concur.