[Cite as *State v. Wright*, 2019-Ohio-374.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|                          |   | JUDGES:                    |
|--------------------------|---|----------------------------|
| STATE OF OHIO            | : | Hon. W. Scott Gwin, P.J.   |
|                          | : | Hon. William B. Hoffman, J.|
| Plaintiff-Appellee       | : | Hon. Earle E. Wise, J.     |
|                          | : |                            |
| -vs-                     | : |                            |
|                          | : | Case No. 2018CA00158       |
| NATHAN WRIGHT            | : |                            |
|                          | : |                            |
| Defendant-Appellant      | : | OPINION                    |

CHARACTER OF PROCEEDING:     Criminal appeal from the Canton Municipal
Court, Case No. 2018TRC05890

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     February 4, 2019

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

KRISTEN BATES AYLWARD          CANDACE KIM KNOX
Canton Law Director                    333 S. Main Street
JASON P. REESE                         Ste. 200
Canton City Prosecutor             Akron, OH 44308
KATIE ERCHICK GILBERT
Deputy Chief Counsel
218 Cleveland Ave. S.W.
Canton, OH 44701-4218

*Gwin, P.J.*

{¶1}    Defendant-appellant Nathan Wright ["Wright"] appeals his conviction and sentence after a no contest plea in the Canton Municipal Court.

*Facts and Procedural History*

{¶2}    On July 18, 2018, Wright was cited with OVI in violation of R.C. 4511.19 (A)(1) (a) "under the influence" and "prohibited level" under R.C. 4511.19 (A)(1)(d).

{¶3}    On September 28, 2018, the trial court consolidated both counts of OVI into one count, and Wright entered a no contest plea to the charge and stipulated to a finding of guilt.  The trial court ordered Wright to pay a $625 fine and court costs.  Wright was further ordered to serve a term of 180 days in the Stark County Jail with all but three of those days suspended.  Wright was advised that he could complete his three days in the driver's intervention program.  Upon completion of this program, the trial court instructed Wright that he would receive a $250.00 credit toward his fine.  Wright was also ordered to complete 50 hours of community service and his license was suspended for a period of one year, which was effective from the date of the offense, July 18, 2018.

*Assignments of Error*

{¶4}    Wright assigns two potential errors,

{¶5}    "I. THE APPELLANT'S PLEA MUST BE DECLARED NULL AND VOID BECAUSE HE WAS NEVER INFORMED BY THE TRIAL COURT OF THE CONSTITUTIONAL RIGHTS, HE WOULD BE WAIVING BY CHANGING HIS PLEA TO NO CONTEST, NOR WAS THE APPELLANT INFORMED OF THE POTENTIAL CONSEQUENCES OF HIS NO CONTEST PLEA; THEREBY, RENDERING HIS PLEA

UNKNOWINGLY, UNINTELLIGENTLY, AND INVOLUNTARILY MADE AND IN VIOLATION OF OHIO CRIM.R.11.

{¶6} "II. THE APPELLANT'S PLEA OF NO CONTEST IS VOID DUE TO THE TRIAL COURT'S FAILURE TO COMPLY WITH R.C. 2937.07 WHICH REQUIRES A TRIAL COURT TO "MAKE A FINDING OF GUILTY OR NOT GUILTY FROM THE EXPLANATION OF THE CIRCUMSTANCES OF THE OFFENSE." SEE R.C. 2937.07."

**REFERENCE TO MATTERS NOT CONTAINED IN THE TRIAL COURT RECORD.**

{¶7} Both parties refer this Court to matters without citation to the transcript or trial court record where the information is to be found.

{¶8} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. *See*, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in both party's brief that are outside of the record.

## I & II.

{¶9}    In his two Assignments of Error, Wright argues that the trial court's failure to properly inform him of the potential penalties of his plea and of the constitutional rights he would be waiving by entering a no contest plea render his plea void.  Wright further contends that his plea is void because the trial court failed to comply with R.C. 2937.07.

**STANDARD OF APPELLATE REVIEW.**

{¶10}   A guilty plea is a complete admission of guilt.  Crim.R. 11(B)(1).  In contrast, a plea of no contest is not an admission of guilt but "an admission of the truth of the facts alleged in the indictment, information, or complaint."  Crim.R.11(B)(2).  A trial court has discretion to accept or reject a no-contest plea.  See Crim.R. 11(A) (defendant may plead no contest with the consent of the court).  The court's decision will not be reversed absent an abuse of discretion.  *See State v. Jenkins*, 15 Ohio St.3d 164, 223, 473 N.E.2d 264 (1984).

{¶11}   An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi*, 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

**ISSUE FOR APPEAL.**

*A. Whether the trial court was required to inform Wright of the constitutional rights that he was waiving before accepting his no contest plea.*

**{¶12}** Pursuant to Crim.R. 2, Wright's offense is considered a "petty offense." A "petty offense," is "a misdemeanor other than a serious offense," punishable by incarceration of up to 180 days. Crim.R. 2(D). For this reason Crim.R. 11(D) is not applicable to plea requirements in the case at bar. "Petty offenses" are governed by Crim.R. 11(E). Thus, prior to accepting a plea of no contest to a petty offense, the trial court shall "first [inform] the defendant * * * of the effect of the pleas of guilty, no contest, and not guilty" in addition to informing unrepresented defendants of their right to counsel under Crim.R. 44(B) and (C). Crim.R. 2(D).

**{¶13}** The Ohio Supreme Court specifically considered the information the trial court is required to communicate to a defendant entering a guilty or no contest plea to a first degree misdemeanor in *State v. Jones*, 116 Ohio St.3d 211, 2007–Ohio–6093, 877 N.E.2d 677. The Court concluded, "In accepting a plea to a misdemeanor involving a petty offense, a trial court is required to inform the defendant only of the effect of the specific plea being entered." Id. at ¶ 20. The Court then defined the "[e]ffect of a plea for purposes of Crim.R. 11" for a no contest plea as "not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding." Id. at ¶ 23, *citing* Crim.R. 11(B)(2). Unlike the provisions of Crim.R. 11, which govern the acceptance of felony pleas, or pleas to misdemeanors that are "serious offenses," Crim.R. 11(E) does not require the court to determine whether a defendant is entering into the plea voluntarily. Crim.R. 11(D), which does require such an inquiry, pertains only to offenses punishable by incarceration for more than six months and clearly does not apply to this case. The Supreme Court noted in *Jones* that it had already rejected the idea that

a trial court was required to engage a defendant who proposed to plead no contest to a petty offense in a full Crim.R. 11(C) colloquy about the effect of his plea, in *State v. Watkins*, 99 Ohio St.3d 12, 2003–Ohio–2419, 788 N.E.2d 635. *Jones* at ¶ 23.

***B.  Whether the failure to advise Watkins of the effect of the no contest plea or the court's failure to request a recitation of facts render Wright's no contest plea void.***

**{¶14}**  Crim.R. 11(E) instructs the court that it "may refuse to accept a plea of guilty or no contest, and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty." Thus, for a no contest plea to a petty misdemeanor offense, "a defendant must be informed that the plea of no contest is not an admission of guilt but is an admission of the truth of the facts alleged in the complaint, and that the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding*." State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, 877 N.E.2d 677, ¶ 23.

**{¶15}**  R.C. 2937.07 sets forth the procedure for taking a no-contest plea in a misdemeanor case: "A plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense."  The statute further provides that no explanation of circumstances is required for a plea of no contest to a minor misdemeanor.  Id. Crim.R. 11 reiterates that "[t]he plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint."

**{¶16}** The right to be informed a no contest plea is not an admission of guilt, but is an admission of the truth of the facts alleged in the indictment is non-constitutional; therefore, the trial court's failure to inform a defendant of the effect of a no contest plea is subject to review under a standard of substantial compliance. *See, State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474. The failure to substantially comply with non-constitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice. See, Id. The test for prejudice is "whether the plea would have otherwise been made." Id.

**{¶17}** In the case at bar, the trial court did not explain the effect of the no contest plea before accepting Wright's plea.

**{¶18}** R.C. 2937.07, which governs the taking of misdemeanor pleas, provides that in pleading no contest to a misdemeanor, "it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances [.]" See *State v. Waddell*, 71 Ohio St.3d 630, 631, 646 N.E.2d 821(1995). A no contest plea may not be the basis for a finding of guilt without an explanation of circumstances that includes a statement of the facts that support all of the essential elements of the offenses. *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532(1984).The right to an explanation of circumstances is not abrogated by Crim.R. 11. *Cuyahoga Falls v. Bowers* 9 Ohio St.3d 148, 150, 459 N.E.2d 532(1984).

**{¶19}** Recently, the Ohio Supreme Court reiterated that for a plea of no contest, substantial compliance is not the standard in determining compliance with the recitation of facts requirement,

We considered an earlier version of R.C. 2937.07 in *Cuyahoga Falls v. Bowers,* 9 Ohio St.3d 148, 459 N.E.2d 532 (1984). The question in that case was whether Crim.R. 11 had superseded the statute. Id. at 149, 459 N.E.2d 532. At the time, R.C. 2937.07 provided: " 'If the plea be "no contest" or words of similar import in pleading to a misdemeanor, it shall constitute a stipulation that the judge * * * may make a finding of guilty or not guilty from the explanation of circumstances * * *.'" *Bowers* at 150, 459 N.E.2d 532, quoting former R.C. 2937.07, Am.Sub.S.B. No. 73, 128 Ohio Laws 97, 104-105. Crim.R. 11(B)(2) provided (and still provides): "The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information or complaint * * *." Concluding that "R.C. 2937.07 confers a *substantive right,*" the court determined that the statute was not superseded by Crim.R. 11 and therefore held that "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Bowers* at 150, 459 N.E.2d 532. Turning to the facts of the case, which involved a charge of driving while intoxicated, the court considered whether the requirement of an explanation of circumstances was satisfied by the documentary evidence in the record— a chemical-breath-test report, the arresting officer's report, and the accident report. Id. Because there was no indication that the trial court had considered those documents or that an explanation of circumstances had been provided, we concluded that the guilty finding had to be vacated. Id. at 151, 459 N.E.2d 532.

*Girard v. Giordano,* ___Ohio St.3d___, 2018-Ohio-5024(Dec. 18, 2018), ¶15 (emphasis added). The Court concluded,

> That the explanation-of-circumstances requirement is a procedural protection, rather than a part of the prosecution's burden of proof, is also evidenced by the fact that no such requirement exists in felony cases. In a felony case in which the "indictment, information, or complaint contains sufficient allegations to state a felony offense and the defendant pleads no contest, the court must find the defendant guilty of the charged offense." *State v. Bird*, 81 Ohio St.3d 582, 692 N.E.2d 1013 (1998), syllabus. If an explanation of circumstances were necessary to establish the elements of the crime, the need for such a requirement would be even greater in felony cases—where the stakes are higher—than in misdemeanor cases.
>
> Thus, the explanation-of-circumstances requirement is best understood as providing a level of procedural protection to the defendant. It allows the court to find a defendant not guilty when the facts of the case do not rise to the level of a criminal violation.

*Giordano,* ___Ohio St.3d___, 2018-Ohio-5024(Dec. 18, 2018) at ¶¶ 19-20.

**{¶20}** In the case at bar, the trial court did not request a recitation of facts before accepting Wright's no contest plea.

### C. Whether Wright waived or invited the errors that he now raises.

**{¶21}** However, the fact that a right may be a "substantive" right does not prevent its waiver. Constitutional rights, as any other rights, may be waived. As was said in *Yakus v. United States,* 321 U.S. 414, at 444, 64 S.Ct. 660, at 677, 88 L.Ed. 834, "No

procedural principle is more familiar to this Court than that a constitutional right may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it. * * * "

{¶22} Further, under the doctrine of "invited error," it is well settled that "a party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." *State ex rel. Smith v. O'Connor*, 71 Ohio St.3d 660, 663, 646 N.E.2d 1115(1995), *citing State ex rel. Fowler v. Smith*, 68 Ohio St.3d 357, 359, 626 N.E.2d 950(1994). *See, also, Lester v. Leuck*, 142 Ohio St. 91, 50 N.E.2d 145(1943), paragraph one of the syllabus. As the Ohio Supreme Court has stated,

> The law imposes upon every litigant the duty of vigilance in the trial of a case, and even where the trial court commits an error to his prejudice, he is required then and there to challenge the attention of the court to that error, by excepting thereto, and upon failure of the court to correct the same to cause his exceptions to be noted. It follows, therefore, that, for much graver reasons, a litigant cannot be permitted, either intentionally or unintentionally, to induce or mislead a court into the commission of an error and then procure a reversal of the judgment for an error for which he was actively responsible.

*Lester* at 92-93, 50 N.E.2d 145, *quoting State v. Kollar* (1915), 142 Ohio St. 89, 91, 49 N.E.2d 952(1915); *Walker v. State*, 5th Dist. Stark No.2007CA00037, 2007-Ohio-5262, ¶ 48-52.

{¶23} In addition, while the law mandates the explanation of circumstances the court in *State v. Arnold*, recognized "the many other Ohio courts that have held that the

explanation-of-circumstances requirement of R.C. 2937.07 is waivable." *State v. Arnold*, 3rd Dist., Seneca No. 13-16-13, 2017-Ohio-326, 72 N.E.3d 715, ¶ 10, *citing State v. Kern,* 6th Dist. Lucas No. L-14-1173, 2015-Ohio-1988, ¶ 12*, citing City of Broadview Hts. v. Burrows*, 8th Dist. Cuyahoga No. 79161, 2001 WL 1174264, 2 (Oct. 4, 2001), *State v. Smyers*, 5th Dist. Muskingum No. CT03-0039, 2004-Ohio-851, ¶ 12, *State v. Ritch*, 4th Dist. Scioto No. 97CA2491, 1998 WL 282970 (May 11, 1998), *City of North Ridgeville v. Roth*, 9th Dist. Lorain No. 03CA008396, 2004-Ohio-4447, ¶ 12.  *Accord, State v. Erdman,* 12th Dist. Butler No. CA2016-07-126, 2017-Ohio-1092, ¶13, *citing North Ridgeville v. Roth,* 9th Dist. Loraine No. 03CA008396, 2004-Ohio-4447; *State v. Howell,* 7th Dist. Mahoning No. 04 MA 31, 2005-Ohio-2927, ¶20.

**{¶24}** In the case at bar, Wright was represented by counsel.  Wright pled no contest thereby admitting the facts in the complaint.  In addition, Wright did not simply stipulate to *the facts – he stipulated to "a finding of guilt."* T. at 4 *(*emphasis added).  In other words, Wright agreed that the trial court would find him guilty based upon the facts contained in the complaint. Wright cites to no facts in the trial court record that during the plea hearing he did not understand the proceedings, the charges, or the significance of the plea that he was entering. Wright never questioned on the record his attorney, the judge or otherwise indicted his confusion.  Wright has not elucidated with any specificity any information the judge could have provided to him that would have altered his decision to enter a no contest plea with the advice of counsel.  *See, State v. Guerriero,* 7th Dist. Mahoning No. 12 MA 48, 2012-Ohio-5990, ¶13.  At no time during the proceedings did Wright claim that he was innocent.  The facts of the Complaint allege that Wright operated a motor vehicle while under the influence of alcohol and with a blood alcohol content of

.128, which is over the legal limit. Accordingly, this is not a case where a reading of the facts would have permitted the trial judge to find insufficient evidence to convict Wright of the charged offenses.

{¶25} In the case at bar, we find Wright or his attorney could have, but did not, object to the trial court's failure to ask for a recitation of facts. We further find that Wright or his attorney could have, but did not, ask the trial to explain the effect of his no contest plea. Therefore, we find that Wright waived and invited the errors that he now raises on appeal. Further, we find that Wright has failed to demonstrate prejudice from the trial court's failure to explain the effect of a no contest plea and the trial court's failure to ask for a recitation of the underlying facts.

{¶26} Wright's First and Second Assignments of Error are overruled.

{¶27} The judgment of the Canton Municipal Court is affirmed.

By Gwin, P.J., and

Wise, Earle, J, concur;

Hoffman, J., concurs in part;

dissents in part

*Hoffman, J., concurring in part and dissenting in part*

{¶28} I respectfully dissent from the majority opinion.

{¶29} My first disagreement is with the standard of appellate review the majority applies. While I fully agree the trial court has discretion to accept or reject a no contest plea, that is not the issue presented in this case. The issue herein is whether the trial court complied with the requirements of Crim.R. 11(E) and/or R.C. 2937.07 before it decided to accept Appellant's plea of no contest. Crim. Rule 11(E) clearly specifies the trial court "may" refuse to accept the plea, but "shall" not accept the plea without informing the defendant of the effect of the plea. I find the issue of compliance with the criminal rule and/or statute raised in this case is a legal requirement – not a discretionary one.

{¶30} I do agree with the majority's analysis and conclusion with respect to Appellant's second assignment of error asserting his plea was void because of the trial court's failure to comply with R.C. 2937.07. By his stipulation to a finding of guilty, I agree Appellant waived and invited the error he now raises in his second assignment of error.

{¶31} The majority elects to discuss both assignments of error collectively and concludes, "Wright waived and invited the error<u>s</u> that he now raises on appeal." (Majority Op. at ¶25, emphasis added).

{¶32} I do not believe Appellant waived or invited the error regarding the failure of the trial court to comply with Crim.R. 11(E) as a result of his stipulation to a finding of guilty. Nor do I find waiver of invited error because neither he nor his attorney informed the trial court Appellant did not understand the significance of the plea he was entering or otherwise indicated his confusion. (Maj. Op. at ¶24).

**{¶33}** The case cited in the majority opinion, *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-6093, clearly states the trial court is required to inform the defendant of the effect of the specific plea being entered. The Ohio Supreme Court therein specifically defined "effect" to mean informing the defendant a no contest plea is not an admission of guilt, but an admission of the truth of the facts alleged in the complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding. The majority specifically finds the trial court did not explain the effect of the no contest plea before accepting Wright's plea. (Maj. Op. at ¶17). I submit this contravenes the direct mandate of Crim.R. 11(E) and *Jones,* supra.

**{¶34}** The majority bases its decision to overrule this argument on the fact "Wright has failed to demonstrate prejudice from the trial court's failure to explain the effect of the no contest plea." (Maj. Op. at ¶25). I submit a showing of prejudice is only required when there has been "substantial compliance" with Crim.R. 11(E) as to a non-constitutional right, not where there has been a complete failure of compliance.

**{¶35}** To such extent, I agree with the decision reached by the Sixth District Court of Appeals in *State v. Whitfield*, Lucas County No L-17-1083, 2018-Ohio-667. In *Whitfield*, the Sixth District was presented with the exact same issue raised herein: whether the trial court erred in failing to inform the appellant of the effect of his no-contest plea according to Crim.R. 11(E). The *Whitfield* Court held, "…if a trial court completely fails to comply with Crim.R. 11 in any regard, whether constitutional or non-constitutional rights are involved, there is no need to demonstrate prejudice because it can be presumed that a knowing, intelligent, and voluntary plea could not have been made and the plea must be vacated. *Clark*; *Venery* at ¶32." Id. at ¶9.

{¶36} I would sustain Appellant's first assignment of error[1], order the plea vacated and remand the matter to the trial court for further proceedings.

---

[1] I disagree with Appellant's assertion the claimed error renders his plea null and void. I find it renders it voidable.