[Cite as *State v. Chisolm*, 2013-Ohio-3965.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

STATE OF OHIO

    Appellee

v.

MICHAEL D. CHISOLM

    Appellant

C.A. No.      12CA0059

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    11-CR-0372

DECISION AND JOURNAL ENTRY

Dated: September 16, 2013

MOORE, Presiding Judge.

{¶1}   Defendant-Appellant, Michael D. Chisolm, appeals from his sentence and conviction as set forth in the May 21, 2012 judgment entry of the Wayne County Court of Common Pleas. We reverse.

I.

{¶2}   Mr. Chisolm was indicted on five counts of forgery, in violation of R.C. 2913.31(A)(3), felonies of the fifth degree. The police arrested Mr. Chisolm and he was released from jail on personal recognizance. However, Mr. Chisolm failed to appear for his arraignment, causing the trial court to revoke his bond and issue a warrant for his arrest. Mr. Chisolm was re-arrested on December 19, 2011, and appeared for his arraignment on December 20, 2011. He pleaded not guilty to all charges in the indictment. At that time, the trial court appointed him a public defender and set bond at $5000. Mr. Chisolm did not post bond and remained in the Wayne County Jail. A pretrial was held on February 29, 2012, where Mr. Chisolm met his court

appointed attorney for the first time. The record indicates that Mr. Chisolm's attorney had not communicated with him prior to the pretrial because she was not aware of his incarceration, and her office did not accept collect calls from the jail.

{¶3} On January 5, 2012, Mr. Chisolm propounded Crim.R. 16(A) discovery upon the State, and the State responded on January 24, 2012. Further, on January 25, 2012, the State propounded reciprocal discovery upon Mr. Chisolm, which he answered five days later on January 30th.

{¶4} On April 10, 2012, Mr. Chisolm filed a motion to dismiss the indictment alleging that, pursuant to R.C. 2945.71, his right to a speedy trial was violated because more than ninety days had elapsed since his arrest. In his motion, Mr. Chisolm calculated time as follows:

| | |
|---|---|
| **Arrest:** | **December 19, 2011** |
| **Arraignment:** | **December 20, 2011** |
| **December:** | **13 days** |
| **January:** | **31 days** |
| **February:** | **29 days** |
| **March:** | **31 days** |
| **April:** | **9 days** |
| **Total:** | **113 days** |
| **Minus discovery:** | **19 days** |
| **Adjusted time:** | **94 days** |

{¶5} The State filed a memorandum in opposition arguing that Mr. Chisolm's speedy trial rights should be tolled from December 20, 2011 to February 29, 2012, due to Mr. Chisolm's own neglect in failing to communicate with his appointed counsel prior to the pretrial. Per the State's calculation, only 44 days elapsed as of April 13, 2012.

{¶6}    According to Mr. Chisolm, it is the State's burden to ensure that a defendant is brought to trial within the statutory limitations, and "[i]t is patently unfair to divert that burden to the defendant who is sitting in jail, at the mercy of a system that includes his attorney."

{¶7}    In denying Mr. Chisolm's motion, the trial court stated:

The relevant facts are not in dispute and the primary issue concerns [Mr. Chisolm] being held in lieu of bond from December 20, 2011 until the date of his first pretrial on February 29, 2012.  Although [Mr. Chisolm] was appointed counsel on December 20, 2011, there was no contact between [him] and his counsel. Counsel apparently was unaware [Mr. Chisolm] was in the Wayne County Jail and [he] made no attempt to contact his attorney.  As a result of this lack of communication, no meaningful pretrial was conducted on February 29, 2012 and the matter was continued.  [Mr. Chisolm] argues this time should be counted against his speedy trial time and the State argues that this delay should not be counted against [Mr. Chisolm's] speedy trial time.

The court agrees that the State should not be penalized for the lack of communication between defense counsel and [Mr. Chisolm] which delayed the disposition of this case.  Therefore, [Mr. Chisolm's] speedy trial time is tolled from December 20, 2011 [to] February 29, 2012.

{¶8}    After the trial court's ruling, Mr. Chisolm changed his plea from "not guilty" to "no contest," and was sentenced to seven months of imprisonment on each of the five counts of forgery, to run concurrently with each other.

{¶9}    Mr. Chisolm appealed, raising one assignment of error for our consideration.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT'S APPLICATION OF THE LAW TO THE FACTS IN
THIS CASE WAS IN ERROR.

{¶10}  In his sole assignment of error, Mr. Chisolm argues that the trial court erred in denying his motion to dismiss the indictment because the State violated his right to a speedy trial.

**{¶11}** In response, the State argues that Mr. Chisolm's right to a speedy trial was not violated because it was tolled by (1) the discovery process, and (2) Mr. Chisolm's failure to contact his attorney prior to the first pretrial conference.

**{¶12}** We review the trial court's determination of speedy trial issues as a mixed question of law and fact. *State v. Brown,* 9th Dist. Summit No. 25206, -2010-Ohio-4863, ¶ 7. "When reviewing an appellant's claim that he was denied his right to a speedy trial, this Court applies the de novo standard of review to questions of law and the clearly erroneous standard of review to questions of fact." *State v. Downing*, 9th Dist. Summit No. 22012, 2004-Ohio-5952, ¶ 36.

**{¶13}** "The right of an accused to a speedy trial is recognized by the Constitutions of both the United States and the [S]tate of Ohio." *State v. Pachay*, 64 Ohio St.2d 218, 219 (1980). Ohio's speedy trial statute provides that a person charged with a felony must be brought to trial within 270 days of his arrest. R.C. 2945.71(C)(2). However, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Accordingly, if a person charged with a felony remains in jail in lieu of posting bond, that person must be brought to trial within 90 days of his arrest. *Id.* "Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code." R.C. 2945.73(B). Under certain circumstances, however, the time within which an accused must be brought to trial can be tolled. *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 21. R.C. 2945.72 provides reasons for tolling time as follows:

＊ ＊ ＊

(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by

reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;

(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;

(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;

(D) Any period of delay occasioned by the neglect or improper act of the accused;

(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;

(F) Any period of delay necessitated by a removal or change of venue pursuant to law;

(G) Any period during which trial is stayed pursuant to an express statutory requirement, or pursuant to an order of another court competent to issue such order;

(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion;

(I) Any period during which an appeal filed pursuant to section 2945.67 of the Revised Code is pending.

{¶14} According to the record, the trial court appointed Mr. Chisolm's counsel at his arraignment on December 20, 2011, and he was not released on bond at that time. After his arraignment, he received a letter in jail from the Wayne County Public Defender Program indicating that the time frame for meeting with his attorney would be approximately two weeks, and that the public defender's office does not accept collect telephone calls. This letter was dated January 11, 2012. At the pretrial on February 29, 2012, Mr. Chisolm's attorney explained that she did not know her client had been incarcerated since December, and they had not communicated regarding his case. Further, the record includes a letter from Mr. Chisolm to his

attorney, dated January 17, 2012, stating that he had been incarcerated since December 19, 2011, and would like to be released on bond in order to provide her with evidence of his alleged innocence. At Mr. Chisolm's plea hearing, his attorney explained that the January 17, 2012 letter had been given to her through another client who was incarcerated with Mr. Chisolm at the Wayne County Justice Center. However, the letter was placed in the other client's file, and Mr. Chisolm's attorney was unaware of its contents until the day of the plea hearing. Also, with regard to discovery, the record indicates that Mr. Chisolm responded to the State's discovery request within 5 days.

{¶15} Additionally, Mr. Chisolm did not sign a waiver of his speedy trial rights and there is no indication that, after becoming aware of the speedy trial issue, the State made any attempt to urge the trial court to set the matter for trial within the requisite time limits.

{¶16} As such, we cannot say that Mr. Chisolm's actions, while incarcerated between the dates of December 20, 2011, and February 29, 2012, were neglectful or improper. After receiving a letter from the public defender's office advising that they did not accept collect calls, Mr. Chisolm wrote a letter to his appointed counsel informing her that he was still in jail, and asking if she could get him released on bond. Further, Mr. Chisolm reasonably responded to the State's reciprocal discovery request within five days. (*See State v. Palmer*, 112 Ohio St.3d 457, 2007-Ohio-374, paragraph one of the syllabus, stating that "[t]he failure of a criminal defendant to respond within a reasonable time to a prosecution request for reciprocal discovery constitutes neglect that tolls the running of speedy-trial time pursuant to R.C. 2945.72(D).").

{¶17} Therefore, we conclude that the trial court erred in tolling Mr. Chisolm's speedy trial time from December 20, 2011, to February 29, 2012, and in denying his motion to dismiss.

{¶18} Accordingly, Mr. Chisolm's assignment of error is sustained.

III.

{¶19}  In sustaining Mr. Chisolm's sole assignment of error, the judgment of the Wayne County Court of Common Pleas is reversed and this cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

CARLA MOORE
FOR THE COURT

HENSAL, J.
CONCURS.

CARR, J.
<u>DISSENTING</u>.

{¶20}  I respectfully dissent.  I would affirm the judgment of the trial court on the basis of R.C. 2945.72(C) which provides that time may be tolled for speedy trial purposes by "[a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law[.]"

{¶21}  In this case, the trial court ordered the appointment of a public defender in a timely manner at arraignment after Chisolm appeared without representation.  On December 28, 2011, the trial court notified the public defender of two pretrials scheduled respectively on February 29, 2012, and March 28, 2012.  On January 5, 2012, the public defender filed a boilerplate request for information from the prosecutor.  By letter dated January 11, 2012, the public defender sent a letter to Chisolm in care of the Justice Center, i.e., jail.  Clearly, the public defender knew that Chisolm was in jail at that time.  The letter stated that the public defender would not meet with Chisolm until she had received all information from the prosecutor's office, had a chance to review the information, and had time on her schedule to accommodate a meeting.  Furthermore, the letter directed Chisolm to update the public defender regarding his address should he be released from jail before they had an opportunity to meet.  The letter was emphatic that the public defender's office would not accept collect calls, however.  The public defender did not receive any communication from Chisolm updating his address.  Accordingly, despite the public defender's purported claims to the contrary at the February 29, 2012 pretrial, she should have reasonably presumed that Chisolm was and remained in jail based on the instructions in her letter.  Moreover, at the October 10, 2012 change of plea hearing, the public defender informed the trial court that Chisolm had sent her a letter from jail via another inmate

and that she had only recently found the letter when looking through the other inmate's file. She requested that the letter be made part of the record and the trial court granted that request. Chisolm's January 17, 2012 letter to the public defender requested the attorney's assistance in securing an order for his release on bond.

{¶22} The prosecutor filed a request for discovery on January 25, 2012, and its response to the public defender's request the same day. The public defender responded to the prosecutor's request on January 30, 2012, by asserting that she had "no discovery to provide at this time." More than a month later, she apparently informed the court that she was not prepared to proceed with the case at that time. The prosecutor and public defender were notified on March 28, 2012, the date of the second pretrial, that a final pretrial was scheduled for May 2, 2012. Presumably, the parties agreed to that date during the second pretrial. However, on April 10, 2012, the public defender moved for dismissal on speedy trial grounds. In her reply brief in support of the motion to dismiss, the public defender asserted that the final pretrial was scheduled because Chisolm had not been transported to court for the second pretrial on March 28, 2012. She did not assert that she opposed on behalf of Chisolm setting a final pretrial in May with the expectation that the matter would then be scheduled for trial or other resolution.

{¶23} I would affirm the trial court's denial of Chisolm's motion to dismiss because it appears that, although the public defender was aware of both her appointment in late December 2011, and Chisolm's incarceration at the Justice Center, she nevertheless failed to make any reasonable efforts to prepare to defend Chisolm. This effectively resulted in his lack of counsel from the time of appointment until the first pretrial on February 29, 2012. Although it may have been inadvertent, the record demonstrates that the public defender gave little to no attention to this case until after the initial pretrial. Therefore, I would conclude that time was tolled at a

minimum during the entire period of January through February 29, 2012, when the public defender informed the trial court that she was not prepared to go forward. To conclude otherwise would be to sanction a practice by defense counsel of delaying preparation in cases and declining to meet with clients as a strategic means of running the time in which cases must go to trial or be dismissed.

{¶24} While there is nothing in the record to indicate that the delay was caused by Chisolm's own negligence, nor is there any indication that the State bore blame for the delay. On the other hand, there are strong indications that the public defender occasioned the delay by her failure to proceed in her representation, and defense counsel's actions must be imputed to the client. *See North Ridgeville v. Roth*, 9th Dist. Lorain No. 03CA008396, 2004-Ohio-4447, ¶ 27. Accordingly, I would affirm the trial court's judgment.

APPEARANCES:

ANDREW G. HYDE, Attorney at Law, for Appellant.

JOHN M. WILLIAMS, Attorney at Law, for Appellee.