OPINION
{¶ 1} Defendant-appellant, Regina N. Bova, appeals her conviction in the Madison County Municipal Court for driving under suspension. For the reasons set forth below, we reverse and remand the matter to the trial court for further proceedings.[1]
 {¶ 2} On January 26, 2008, appellant was stopped by an officer of the London Police *Page 2 
Department while driving on State Route 665 in Madison County. The officer cited appellant for speeding in violation of a London city ordinance, and driving under a license suspension in violation of R.C. 4510.11, a misdemeanor of the first degree.
 {¶ 3} Appellant appeared before the municipal court on February 6, 2008. At the hearing, appellant entered a no contest plea to the charges. The trial judge found appellant guilty of the charges and, before sentencing, questioned appellant about the nature of her license suspension. Appellant asserted that her license was reinstated. The trial judge directed appellant to obtain copies of the reinstatement papers and return to the court on March 11, 2008 for disposition of the charges.
 {¶ 4} At the disposition hearing, appellant brought the requested documentation demonstrating the reinstatement of her license. Based on the documents, the trial court, on its own motion, modified the license suspension charge to a fourth-degree misdemeanor charge of operating a motor vehicle without a license in violation of R.C. 4510.12. The court fined appellant $81 for the speeding charge. For operating without a license, the court imposed a 30-day suspended sentence, a fine of $325, and placed appellant on non-reporting probation for one year. Appellant timely appeals, raising a single assignment of error:
 {¶ 5} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR TO THE SUBSTANTIAL PREJUDICE OF DEFENDANT-APPELLANT BY ACCEPTING A NO CONTEST PLEA FROM APPELLANT THAT WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY, AND WAS ENTERED BY APPELLANT WITHOUT HER KNOWLEDGE AND SUBJECTIVE UNDERSTANDING OF THE EFFECT OF PLEA AND THE RIGHTS SHE WAIVED."
 {¶ 6} In her sole assignment of error, appellant presents two distinct arguments concerning her plea. First, appellant alleges that the trial court violated Traf. R. 10(D). *Page 3 
Appellant argues the trial court failed to engage in the requisite colloquy with her before obtaining a plea. Specifically, appellant claims that the trial court failed to advise appellant of her right to a jury trial, the burden of the prosecution to prove guilt beyond a reasonable doubt, or explain the effect of the plea. As a result, appellant argues that since no colloquy occurred, she did not enter a knowingly, intelligently and voluntarily plea.
 {¶ 7} Traf. R. 10(D) provides, "[i]n misdemeanor cases involving petty offenses, except those processed in a traffic violations bureau, the court may refuse to accept a plea of guilty or no contest and shall not accept such pleas without first informing the defendant of the effect of the plea of guilty, no contest, and not guilty. The counsel provisions of Criminal Rule 44(B), (C) and (D) apply to this subdivision."
 {¶ 8} "When the court accepts a no contest plea, the record must affirmatively demonstrate that the plea was entered voluntarily, intelligently, and knowingly." State v. Adkins (Nov. 13, 2000), Butler App. No. CA99-03-050, at 3. Further, "when a defendant charged with a petty misdemeanor traffic offense pleads guilty or no contest, the trial court complies with Traf. R. 10(D) by informing the defendant of the information contained in Traf. R. 10(B)." State v. Watkins,99 Ohio St.3d 12, 2003-Ohio-2419, syllabus of the court.
 {¶ 9} Traf. R. 10(B) explains that, "(1) The plea of guilty is a complete admission of the defendant's guilt; (2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the complaint and such plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding; (3) When a plea of guilty or no contest is accepted pursuant to this rule, the court shall proceed with sentencing under Crim. R. 32."
 {¶ 10} In this case, appellant filed an incomplete transcript of the February 6, 2008 hearing. The partial transcript omits the colloquy between the trial judge and appellant. The state supplemented the record with the full transcript of the hearing. After reviewing the full *Page 4 
transcript, it is evident appellant incorrectly described the proceedings below.
 {¶ 11} The full transcript demonstrates that the trial court complied with Traf. R. 10(D). The record reflects that the trial court employed a full Traf. R. 10(D) colloquy with appellant. Before appellant entered her plea, the trial judge explained the effect of each type of plea. Additionally, the trial court advised appellant of her right to counsel, right to trial and right to confront witnesses. Thereafter, the judge directly recited appellant's charges and explained the potential punishments for each respective offense. The trial court then requested appellant's plea. Appellant entered a plea of no contest to the charges. The trial judge stated, "[t]he court finds you knowingly, voluntarily, and intelligently waived your constitutional rights and entered a plea of no contest. I accept the plea of no contest. And based upon the officer's representations here in the case file, find that they do constitute an offense if true. And I find you guilty."
 {¶ 12} Appellant's second argument addresses the modification from driving under license suspension to driving without a license. Appellant argues that the trial court failed to obtain a valid plea to the modified charge. Appellant submits that she initially faced charges for speeding and driving under license suspension, but the trial court directed appellant to return to court on March 11, 2008. At that hearing, the trial court modified the original charge of driving under suspension to driving without a license. Appellant argues that since she faced a new charge, the trial court erred by sentencing without obtaining a plea to the new charge. Appellant seeks dismissal of the charge as a result of the alleged error.
 {¶ 13} Appellant ignores the fact that she entered a no contest plea to the charges at the February 6, 2008 hearing and the trial court found her guilty on the record. At that point, appellant was guilty of the charged offense. She did not face any additional charges when the trial court attempted to modify the verdict.
 {¶ 14} Crim. R. 33(A)(4) states, "If the evidence shows the defendant is not guilty of the *Page 5 
degree of crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a new trial, and shall pass sentence on such verdict or finding as modified."
 {¶ 15} In this case, appellant already entered a no contest plea to the charge of driving under license suspension. By entering the plea, appellant admitted that the facts alleged were true and the trial court found appellant guilty of the offense based upon those admitted facts. Having found the facts satisfied the elements of driving under suspension, the trial court was obligated to sentence appellant pursuant to that adjudication. Yet, the trial court sought to modify the verdict after viewing documents of appellant's reinstatement. Crim. R. 33(A)(4) only allows a trial court to modify a verdict if evidence shows that the defendant is not guilty of the crime, but is instead guilty of a lesser degree of the crime or a lesser included offense. The trial court in this case failed to make the preliminary finding on the record that appellant was not guilty of driving under suspension. See State ex rel.Corrigan v. White (1976), 46 Ohio St.2d 29. See, also, State v.Gilbo (1994), 96 Ohio App.3d 332, 338; City of Cleveland v.Anderson (July 13, 1995), Cuyahoga App. No. 68025; and State v.Logue (Feb. 11, 2000), Belmont App. No. 97 BA 46. Further, based upon the admitted facts, appellant is guilty of driving under suspension as the trial court originally found. There was no basis for the trial court to modify because appellant was already found guilty and the facts supported the verdict. Accordingly, appellant must be sentenced based upon that finding.
 {¶ 16} We sustain appellant's sole assignment of error in part, finding that the trial court erred by modifying the charge. In all other respects, appellant's assignment of error is overruled. We recognize that the ultimate result of this case is not appellant's intended outcome and may result in a more severe punishment than appellant received at her original sentencing; however, we, and the trial court, must adhere to proper procedure. Appellant *Page 6 
was found guilty of driving under suspension, received the requisite disclosures before entering her plea, and the trial court must sentence her accordingly.
 {¶ 17} Judgment reversed and remanded to the trial court. On remand, the trial court must resentence appellant on the original guilty findings.
BRESSLER, P.J., and POWELL, J., concur.
[1] Pursuant to Loc. R. 6(A), we have sua sponte removed this appeal from the accelerated calendar. *Page 1