[Cite as *State v. Eldridge*, 2015-Ohio-3524.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                               :

    Plaintiff-Appellee,                      :            CASE NO.  CA2015-02-013

                                     :            O P I N I O N
  - vs -                                                                8/31/2015

                                       :

DENNIS ELDRIDGE, JR.,                        :

    Defendant-Appellant.                     :

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2014 TRC 02392

David P. Fornshell, Warren County Prosecuting Attorney, Michael Greer, 500 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

George A. Katchmer, 1886 Brock Road, N.E., Bloomingburg, Ohio 43601, for defendant-appellant

      **RINGLAND, J.**

      **{¶ 1}**  Defendant-appellant, Dennis Eldridge, Jr., appeals his conviction in the Warren County Court for operating a vehicle under the influence of alcohol (OVI).

      **{¶ 2}**  On July 12, 2014, Eldridge was charged with one count of OVI in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor.  Following a bench trial on November 18, 2014, Eldridge was found guilty and sentenced to serve 180 days in jail, suspended, and one

year of intensive probation.

{¶ 3} Eldridge now appeals his conviction, raising two assignments of error for review.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE STATE PRESENTED INSUFFICIENT EVIDENCE THAT APPELLANT OPERATED A MOTOR VEHICLE WHILE UNDER THE INFLUENCE OF ALCOHOL.

{¶ 6} In reviewing a claim of insufficient evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. In deciding an insufficient evidence claim, a reviewing court may not substitute its evaluation of witness credibility for that of the jury. *State v. Benge*, 75 Ohio St.3d 136, 143, 1996-Ohio-227.

{¶ 7} Eldridge was convicted of OVI in violation of R.C. 4511.19(A)(1)(a), which required that the state prove beyond a reasonable doubt that Eldridge operated a vehicle within Ohio while under the influence of alcohol. Being "under the influence of alcohol" has been defined as "[t]he condition in which a person finds himself after having consumed some intoxicating beverage in such a quantity that its effect on him adversely affects his actions, reactions, conduct, movement or mental processes or impairs his reactions to an appreciable degree, thereby lessening his ability to operate a motor vehicle." *City of Mason v. Molinari*, 12th Dist. Warren No. CA2006-05-056, 2007-Ohio-5395, ¶ 75, citing *Toledo v. Starks*, 25 Ohio App.2d 162, 166 (6th Dist.1971). *See also State v. Steele*, 95 Ohio App. 107, 111 (3d Dist.1952) ("[B]eing 'under the influence' of alcohol or intoxicating liquor means that the accused must have consumed some intoxicating beverage, whether mild or potent, and in such quantity, whether small or great, that the effect thereof on him was to adversely affect his actions, reactions, conduct, movements or mental processes, or to impair his reactions,

- 2 -

under the circumstances then existing so as to deprive him of that clearness of the intellect and control of himself which he would otherwise possess").

{¶ 8} Michelle Hildebrandt testified that she observed a silver Jeep straddling the center of the road and eventually crossing over the yellow line towards an oncoming vehicle. At that point, Hildebrandt contacted police to advise them of what she had seen. She followed the vehicle to B&B Carryout in Clearcreek Township. She testified that the driver sat in the vehicle for a couple minutes before exiting the car and entering the business. Hildebrandt was able to provide Officer Nicole Cordero with a description of the person she saw exiting the vehicle.

{¶ 9} Officer Cordero testified that Hildebrandt's description matched that of Eldridge. She further testified that, "when [Eldridge] was speaking to us I could smell an order [sic] of an alcoholic beverage on him. His eyes were red and glassy."

{¶ 10} Officer Kevin Knobe testified that he was the first officer to arrive at B&B Carryout in response to Hildebrandt's call. Officer Knobe located Eldridge inside the business and asked if the Jeep belonged to him. Officer Knobe stated that Eldridge acknowledged that the vehicle was his, but denied that he had been driving. According to Officer Knobe, Eldridge claimed that a friend had been driving the vehicle, but the friend left following an argument between the two. Eldridge refused to divulge the name of the absent friend. Eldridge also told officers that his friend had the key to the Jeep, but the keys were later located in Eldridge's pocket. Officer Knobe stated that surveillance footage from B&B Carryout showed Eldridge exiting the Jeep from the driver's side.

{¶ 11} Officer Knobe further testified that Eldridge, "had red, blood shot eyes and they were also glassy. And he had this strong odor of alcoholic beverages on his person." According to Officer Knobe, Eldridged admitted drinking one glass of wine that evening. Suspecting that Eldridge was the actual driver of the Jeep, Officer Knobe asked Eldridge to

submit to field sobriety tests.  Eldridge refused.

{¶ 12} Officer Charles Sweet testified that he conducted an inventory search of the Jeep.  In so doing, Officer Sweet observed a cup containing what he believed to be red wine in the center console.  He further observed a number of empty wine bottles in the Jeep.

{¶ 13} Viewing the aforementioned evidence in the light most favorable to the prosecution, we find that there was sufficient evidence to find Eldridge guilty of OVI.  The vehicle was witnessed being driven erratically, Eldridge was witnessed exiting the vehicle, video surveillance showed him exiting from the driver's side, multiple officers observed significant indicia of intoxication, and open alcohol was found in his vehicle.

{¶ 14} Finally, Eldridge refused to participate in any field sobriety tests.  This court has previously held that the refusal to take field sobriety tests may also be taken into consideration as an indicia of guilt under the circumstances.  *See, e.g., State v. Arnold*, 12th Dist. Butler App. No. CA99-02-026, 1999 WL 699866 at 4-6 (Sept. 7, 1999).  Here, the circumstances included Eldridge alleging a friend had driven the vehicle and was in possession of the key.  However, the absentee friend was neither located nor identified by Eldridge, while the key to the vehicle was subsequently found in Eldridge's pocket.  Given the circumstances of Eldridge's diminishing credibility, his refusal to take field sobriety tests added further indicia of guilt.

{¶ 15} In light of the foregoing, having found that the state presented sufficient evidence that Eldridge operated a motor vehicle while under the influence of alcohol, Eldridge's first assignment of error is overruled.

{¶ 16} Assignment of Error No. 2:

{¶ 17} AN OFFICER'S STATEMENT THAT HE CONDUCTED AN INVENTORY SEARCH ACCORDING TO POLICY IS INSUFFICIENT TO SUPPORT SUCH A SEARCH.

{¶ 18} In his second assignment of error, Eldridge argues the evidence obtained from

his vehicle should not have been admitted at trial because it was illegally obtained. However, Eldridge failed to file a motion to suppress the evidence obtained from the vehicle, and thus waived this issue for purposes of appeal. *See State v. Phillips*, 74 Ohio St.3d 72, 97 (1995). Accordingly, Eldridge's second assignment of error is overruled.

**{¶ 19}** Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.