[Cite as *State v. Erdman*, 2017-Ohio-1092.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2016-07-126 |
| | : | O P I N I O N |
| - vs - | | 3/27/2017 |
| | : | |
| SCOTT WAYNE ERDMAN, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM FAIRFIELD MUNICIPAL COURT
Case No. 2015 CRB 02693

Stephen J. Wolterman, Fairfield City Prosecutor, 530 Wessel Drive, Suite 2A, Fairfield, Ohio 45014, for plaintiff-appellee

Scott N. Blauvelt, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant

**PIPER, J.**

{¶ 1} Defendant-appellant, Scott Erdman, appeals his conviction and sentence in the Fairfield Municipal Court after pleading no contest to violating a protection order.

{¶ 2} A temporary protection order was issued against Erdman to protect Erdman's mother and father. The terms of the protection order included that Erdman was prohibited from communicating with his parents, including personal, written, or telephone contact. After

the order was issued, Erdman called his father 12 times, and left four voicemails. Within the voicemails, Erdman yelled at his father, and was "nasty" towards him. Thereafter, Erdman was arrested for violating the protection order.

{¶ 3} Upon arraignment in the municipal court, Erdman listened to the "Fairfield Municipal Court Constitutional Rights Narrative," which explained pleas of guilty, not guilty, and no contest. Erdman signed a "Misdemeanor Rights" form, which acknowledged that he had been advised of the consequences and effect of pleading guilty, not guilty, or no contest.

{¶ 4} At one point, Erdman failed to appear for a hearing, and a warrant was issued. Erdman was then charged with and arraigned for contempt of court for his failure to appear. At that arraignment, Erdman once again acknowledged orally and in writing that he was informed of his rights and the different types of pleas available to him. Erdman then pled no contest to the violation of the protection order charge, and the municipal court dismissed the contempt charge. The court sentenced Erdman to 180 days, and then suspended the 180-day sentence. Erdman now appeals his conviction and sentence, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT DID NOT PROPERLY ACCEPT HIS NO-CONTEST PLEA.

{¶ 6} Erdman argues in his assignment of error that the trial court improperly accepted his no contest plea.

{¶ 7} When the court accepts a no contest plea, the record must affirmatively demonstrate that the plea was entered voluntarily, intelligently, and knowingly. *State v. Bova*, 12th Dist. Madison No. CA2008-04-007, 2009-Ohio-283, ¶ 8. Crim.R. 11(D) provides that the municipal court cannot accept a no contest plea without first addressing "the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily." The effect of a plea

of no contest is that it "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2). The rule further provides that "the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding."

{¶ 8} With respect to nonconstitutional rights, only substantial compliance with Crim.R. 11 is required. *State v. Stewart*, 51 Ohio St.2d 86, 93 (1977). "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶ 9} The record indicates that Erdman understood the implications of his no contest plea, as well as the rights he was waiving by entering the plea. Both times Erdman was arraigned, he listened to the "Fairfield Municipal Court Constitutional Rights Narrative," which includes the following language: "A plea of no contest is not an admission of guilt, but is an admission by you of the truth of the facts alleged in the complaint or summons and permits you to make an explanation. A plea of no contest cannot be used against you in any subsequent civil or criminal proceeding." Erdman later acknowledged in both writing and orally to the municipal court that he was advised of his rights, and that he understood them.

{¶ 10} During the plea hearing, the municipal court specifically reiterated to Erdman, "you understand when you plead no contest, you are admitting the facts, you understand that?" Erdman then replied, "Yes, but with an explanation." The municipal court then allowed Erdman to introduce the idea that the protection order had been falsified.

{¶ 11} While it is true that the municipal court did not reiterate during the plea hearing that Erdman's plea or admission would not be used against him in any subsequent civil or criminal proceeding, failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant suffers prejudice. *State v. Jones*, 116 Ohio St.3d 211, 2007-Ohio-

6093, ¶ 52. The test for prejudice is "whether the plea would have otherwise been made." *Id.*

{¶ 12} The record does not indicate that Erdman was prejudiced by the municipal court not informing him that the no contest plea would not be used against him in future proceedings because there is no indication that he would have not pled no contest otherwise. Again, the totality of the circumstances indicate that Erdman was informed multiple times of the full effect of his plea, including that it would not be used against him. He acknowledged in writing and orally that he understood the consequences and effect of his plea, and there is no indication that he would have decided not to plead no contest had the municipal court directly reminded him during the colloquy that the no contest plea would not be used against him. Moreover, Erdman cannot demonstrate a prejudicial effect in this case where the record does not indicate that the information the municipal court failed to provide to him, that his plea cannot be used against him in further proceedings, was important in his decision to plead no contest or otherwise had any significance.

{¶ 13} Erdman also argues that the municipal court wrongly accepted his no contest plea because it did not provide an explanation of the circumstances that gave rise to the guilty finding. R.C. 2937.07 provides that a court must explain the circumstances of the offense that gives rise to a guilty finding upon a defendant's plea of no contest. As such, "a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984). However, a defendant is not precluded from waiving the explanation of circumstances. *North Ridgeville v. Roth*, 9th Dist. Loraine No. 03CA008396, 2004-Ohio-4447; *State v. Howell*, 7th Dist. Mahoning No. 04 MA 31, 2005-Ohio-2927, ¶ 20. Such a waiver precludes an appellant from raising the argument on appeal, because an appellant cannot raise as error a trial court's action that the appellant himself induced or invited the court to make. *State ex rel. Beaver v.*

*Konteh*, 83 Ohio St.3d 519, 521 (1998).

{¶ 14} Because Erdman explicitly waived a reading of the facts, he cannot now raise on appeal the argument that the court did not consider the facts at the time that he made his no contest plea. Even so, the municipal court gave Erdman the opportunity to add to the facts by stating, "all right. What else do you want to add to the facts." While the municipal court did not permit Erdman to expound on his claim that the protection order was falsified, the record clearly indicates that the municipal court fully understood the circumstances surrounding Erdman's charge and subsequent plea.

{¶ 15} The municipal court specifically addressed Erdman and ordered him to have no contact with his parents by "phone, by E-mail, by Instagram, by Twitter, by Facebook, by smoke signal." The municipal court's order makes clear that it was aware of the circumstances of Erdman violating the terms of the protective order by communicating with his father, and that part of its orders on sentencing was that he not further violate the order by communicating with his parents.

{¶ 16} Erdman cannot challenge the municipal court's understanding of the circumstances that gave rise to his plea given that he, himself, waived a reading of the facts into the record. Having found that the municipal court did not err in accepting Erdman's plea, we overrule his assignment of error.

{¶ 17} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND, J., concur.