[Cite as *State v. Haskamp*, 2020-Ohio-419.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-04-033 |
| | : | O P I N I O N |
| - vs - | | 2/10/2020 |
| | : | |
| TAYLOR J. HASKAMP, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY MUNICIPAL COURT
Case No. 2018 TRC 15676


D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**HENDRICKSON, P.J.**

{¶ 1} Appellant, Taylor J. Haskamp, appeals from his conviction in the Clermont County Municipal Court for operating a vehicle while under the influence of alcohol or drug of abuse ("OVI"). For the reasons discussed below, we affirm appellant's conviction.

{¶ 2} On October 26, 2018, following a traffic stop in Miami Township, Clermont

County, Ohio, appellant was charged by complaint in Clermont County Municipal Court Case No. 2018 TRC 15676 with OVI in violation of R.C. 4511.19(A)(1)(a) and OVI in violation of R.C. 4511.19(A)(2), both as second offenses, as well as a marked lanes violation in violation of R.C. 4511.33. That same day, appellant was also charged by a separate complaint in Clermont County Municipal Court Case No. 2018 CRB 05229 with possession of drug paraphernalia in violation of R.C. 2925.141 and possession of marijuana in violation of R.C. 2925.11(C)(3).

{¶ 3} Appellant initially pled not guilty to the charges. However, following negotiations with the state, appellant agreed to enter a plea of no contest to OVI in violation of R.C. 4511.19(A)(1)(a), as amended from a second offense to a first offense, a misdemeanor of the first degree. In exchange for his no contest plea, the state agreed to dismiss the remaining charges.

{¶ 4} Appellant appeared before the trial court on March 15, 2019 to enter his no contest plea to the amended OVI charge. At this time, appellant executed a Waiver of Issuance of New Complaint, Service, and New Arraignment, which allowed the state to amend the charge from a second-offense OVI to a first-offense OVI without filing a new charging instrument. Appellant then entered his no contest plea and, through counsel, stipulated that the arresting officer's written narrative would be admitted and would serve as the basis for his no contest plea.

{¶ 5} Miami Township Police Officer B. Mehne's written narrative provided that shortly after midnight on October 24, 2018, the officer observed a black Chevy Malibu driven by appellant driving east on State Route 28 near Interstate 275. As the vehicle approached Romar Drive, it made a sudden lane change to get into a left-turn lane. The vehicle then rolled past the "stop bar" for the red light. Once the light turned green, the vehicle made a wide left turn, causing its right-side tires to completely cross-over the white edge line. Officer

- 2 -

Mehne continued to follow the vehicle and observed two more sudden lane changes and a wide left turn onto Cinema Drive. Officer Mehne activated his overhead lights and initiated a traffic stop.

{¶ 6} Upon approaching the vehicle and making contact with appellant, Officer Mehne "detected an odor of alcohol and marihuana." Officer Mehne asked for appellant's license and proof of insurance. Appellant handed over his license, but "fumble[d] with his wallet, ha[d] trouble pulling cards from it and dropped it in his lap." While appellant was attempting to get out his insurance card, Officer Mehne observed that appellant was paraplegic and appellant's vehicle had two metal extensions for the brake and gas petals. He further observed a Steel Reserve beer can and a marijuana blunt in the vehicle's cupholders. When questioned about the beer can and marijuana blunt, appellant advised the officer that the can was empty and was from a few days ago. Appellant handed the blunt to the officer and stated he smokes marijuana for his pain.

{¶ 7} Appellant then admitted that he had been drinking that night, stating that he had consumed two vodka tonics. Officer Mehne administered the HGN test on appellant and observed six of six clues of impairment. After further questioning, appellant advised Officer Mehne that he had "one drink at Macadu's * * * [and] then * * * went to Rooster's where he had one more drink." Appellant also admitted that he had smoked marijuana that day, stating he had "one joint hours earlier." Officer Mehne placed appellant under arrest, read him his Miranda rights, and advised appellant that he was being transported to the police department to take a breath test. Appellant responded that he needed to use the restroom. Due to medical complications stemming from appellant's paralysis, appellant was transported to a hospital. At the hospital, appellant refused to submit to a urine test. An inventory search of appellant's vehicle resulted in the discovery of marijuana and a digital scale.

{¶ 8} After considering the officer's narrative statement, the trial court found appellant

guilty of OVI in violation of R.C. 4511.19 (A)(1)(a). The court sentenced appellant to 180 days in jail, with 177 days suspended, placed him on two years of nonreporting probation, and imposed a $375 fine and court costs.

{¶ 9} Appellant timely appealed his conviction, raising the following as his only assignment of error:

{¶ 10} THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILT UPON APPELLANT'S PLEA OF NO CONTEST.

{¶ 11} In his sole assignment of error, appellant argues the trial court erred in accepting his no contest plea and finding him guilty of OVI as the court failed to establish that he explicitly waived his right to an oral explanation of circumstances. He further argues that the explanation of circumstances provided to the trial court in Officer Mehne's written narrative did not contain facts supporting all the elements of the OVI offense.

{¶ 12} R.C. 2937.07 governs no contest pleas in misdemeanor cases, and it provides, in relevant part, that "[a] plea to a misdemeanor offense of 'no contest' or words of similar import shall constitute an admission of the truth of the facts alleged in the complaint and that the judge or magistrate may make a finding of guilty or not guilty from the explanation of the circumstances of the offense." The Ohio Supreme Court has determined that "R.C. 2937.07 confers a substantive right * * * [and] a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances." *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 150 (1984). "[T]he explanation-of-circumstances requirement exists to provide an extra layer of procedural protection to the defendant." *Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, ¶ 15. "[I]t allows a judge to find a defendant not guilty or refuse to accept his plea when the uncontested facts do not rise to the level of a criminal violation." *Id.* at ¶ 18.

{¶ 13} "The explanation of circumstances does not mandate that sworn testimony be

taken but only contemplates some explanation of the facts surrounding the offense to ensure that the trial court does not make a finding of guilty in a perfunctory fashion." *State v. Cox*, 12th Dist. Madison No. CA2001-01-003, 2001 Ohio App. LEXIS 4277, *2-3 (Sept. 24, 2001), citing *Bowers* at 151. The trial court may rely upon a law enforcement officer's affidavit or notes as an explanation of circumstances. *Id.* at *3. However, "[t]he explanation of circumstances requirement 'is not satisfied by a presumption that the court was aware of facts which may be gleaned from a review of the available documentation.'" *State v. Schornak*, 2d Dist. Greene No. 2014-CA-59, 2015-Ohio-3383, ¶ 10, quoting *State v. Keplinger*, 2d Dist. Greene No. 98-CA-24, 1998 Ohio App. LEXIS 6129, *8 (Nov. 13, 1998). "[T]he record must show that the court relied upon such documents when rending its determination of guilt." *Cox* at *3.

{¶ 14} As this court has previously recognized, a defendant entering a no contest plea may waive an explanation of circumstances. *State v. Erdman*, 12th Dist. Butler No. CA2016-07-126, 2017-Ohio-1092, ¶ 13. *See also Ridgeville v. Roth*, 9th Dist. Lorain No. 03CA008396, 2004-Ohio-4447, ¶ 12 (recognizing that "a defendant is not precluded from waiving the explanation of circumstances" when entering a no contest plea to a misdemeanor offense); *State v. Smyers*, 5th Dist. Muskingum No. CT03-0039, 2004-Ohio-851, ¶ 12 (recognizing that the law "does not prohibit a defendant from waiving the explanation of circumstances requirement"); *State v. Korossy*, 6th Dist. Ottawa No. OT-16-025, 2017-Ohio-7275, ¶ 12 (holding that "a defendant may waive the required R.C. 2937.07 explanation of the circumstances"). Generally, a waiver of the explanation-of-circumstances requirement must be explicit. *Id.* Where a defendant waives the explanation-of-the-circumstances requirement, the defendant is precluded from raising the issue on appeal, as the defendant cannot raise as error a trial court's action that the defendant himself induced or invited the court to make. *Erdman* at ¶ 13, citing *State ex rel. Beaver v. Konteh*, 83 Ohio St.3d 519, 521

(1998).

{¶ 15} The record in the present case demonstrates that appellant, through defense counsel, explicitly waived having an explanation of the circumstances read aloud into the record. Appellant agreed that rather than a reading of facts, Officer Mehne's written narrative would be admitted into the record. The following discussion occurred at the plea hearing:

> THE COURT: Anything on the facts before I review them? I've got a copy of them here. Anything on them?
>
> [DEFENSE COUNSEL]: No, Your Honor.
>
> THE COURT: All right.
>
> [DEFENSE COUNSEL]: We would, we agreed it could be stipulated.
>
> THE COURT: Sure.
>
> [DEFENSE COUNSEL]: And the narrative could be provided.
>
> THE COURT: All right.
>
> [DEFENSE COUNSEL]: And he would tender his no contest plea based on the narrative.
>
> THE COURT: Okay, very good.
>
> All right, the Court is satisfied. The court set out to review the facts. I'll find that those facts are sufficient for a finding of guilt to the OVI as a first under the (A)(1)(a) charge that Officer Meahne [sic] formed an opinion based on his observations that he was under the influence at that time. He – and I will found [sic] him guilty of the charge.

{¶ 16} Despite conceding in his appellate brief that Officer Mehne's written narrative served as the explanation of circumstances, appellant nonetheless argues he did not waive his right to orally hear and consider the factual allegations contained in the narrative. He asserts that there is nothing in the record indicating he knew the factual assertions that were set forth in the written narrative. We find no merit to appellant's argument.

{¶ 17} Appellant was present when his counsel stipulated to the use of the officer's

written narrative as the explanation of circumstances. The written statement, which had previously been provided to appellant and his counsel during discovery, was then provided to the trial court at the plea hearing and was placed into the record on March 15, 2019. Appellant did not object to use of the written statement nor indicate any unfamiliarity with the document at the hearing. He further did not indicate that he wished to add any facts to the narrative, despite being asked if there was "[a]nything on the facts" before the court reviewed the narrative statement. Appellant cannot claim he was unaware of the content of the written narrative when he stipulated to the use of the narrative as the explanation of circumstances. He likewise cannot claim any error in the court's consideration of the written document as a court is permitted to rely upon an officer's notes as an explanation of circumstances. *See Cox*, 2001 Ohio App. LEXIS 4277 at *3.

{¶ 18} Appellant nonetheless contends that the stipulated explanation of circumstances failed to set forth facts establishing all the essential elements of the OVI offense. Specifically, appellant contends that Officer's Mehne's written narrative did not provide sufficient evidence that he was "under the influence" when operating his vehicle on October 24, 2018. We disagree.

{¶ 19} Pursuant to R.C. 4511.19(A)(1)(a), a person is guilty of OVI if that person "operate[s] any vehicle * * * within this state, if, at the time of operation, * * * [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." Officer Mehne's written narrative indicates the officer observed appellant driving erratically by making multiple sudden lane changes and wide left turns, rolling past the "stop bar" at an intersection, and committing a marked lanes violation. Upon approaching appellant, the officer smelled marijuana and the odor of an alcoholic beverage and saw a marijuana blunt and beer can in the vehicle's cupholders. Appellant, who Officer Mehne described as "fumbl[ing] with his wallet [and] having trouble pulling cards from it," admitted that he had consumed a few drinks

and smoked marijuana earlier in the evening. Officer Mehne administered the HGN test on appellant and observed six of six clues of impairment. After he was arrested, appellant became verbally abusive and uncooperative and refused a urine test. These facts, which were admitted as true by appellant's no contest plea, support all the elements of an OVI offense and are sufficient to support the trial court's guilty finding. *See, e.g., State v. Eldridge*, 12th Dist. Warren No. CA2015-02-013, 2015-Ohio-3524, ¶ 7-15 (finding sufficient evidence for defendant's OVI conviction where evidence was presented that the defendant's vehicle crossed over the yellow center line, an officer noticed the defendant had a strong odor of an alcoholic beverage about his person, the defendant admitted to drinking a glass of wine, the defendant refused to perform field-sobriety tests, and the officer observed a cup of wine in the center console and empty wine bottles in the vehicle).

{¶ 20} Appellant's arguments are, therefore, without merit and his sole assignment of error is overruled.

{¶ 21} Judgment affirmed.

RINGLAND and PIPER, JJ., concur.