[Cite as *State v. Harris*, 2023-Ohio-2138.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-220341 |
| | | TRIAL NO. 20CRB-23078 |
| Plaintiff-Appellee, | : | |
| vs. | | |
| | : | |
| MARQUISE HARRIS, | | *O P I N I O N.* |
| | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 28, 2023

*Emily S. Woerner,* City Solicitor, *William T. Horsley,* Chief Prosecuting Attorney, and *Amanda Tholke,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Michael J. Trapp,* for Defendant-Appellant.

**Bock, Judge.**

**{¶1}** Defendant-appellant Marquise Harris appeals his conviction for improperly handling firearms in a motor vehicle. Harris argues that the state's explanation of circumstances at his no-contest plea hearing failed to establish an element of the offense, warranting a reversal of his conviction. Harris also argues that the trial court erred when it denied his motion to suppress. We disagree and affirm the trial court's judgment.

## I. Facts and Procedure

**{¶2}** While on patrol, members of the Cincinnati Police Department Gun Crime Task Force spotted what they suspected was marijuana in a Ford Escape parked in a residential neighborhood in Cincinnati. Harris was across the street. As officers began to force their way into the Escape, Harris approached. Officers handcuffed Harris and spotted a gun in his waistband. Harris was arrested and charged with violating R.C. 2923.16. The complaint alleged:

> DURING DRUG INVESTIGATION SUBJECT APPROACHED OFFICERS ASKING "WHY THEY WERE NEAR HIS CAR." AS SUBJECT WAS DETAINED A LOADED GLOCK 26 9MM PISTOL WAS IN SUBJECT'S FRONT RIGHT PANTPOCKET. HANDLE IN PLAIN SIGHT. SUBJECT DID NOT NOTIFY LEO'S OF CCW.

**{¶3}** Harris moved to suppress the firearm, arguing that the search and seizure violated his rights under the Fourth Amendment to the United States Constitution and Article I, Section 14 of the Ohio Constitution. Specifically, he maintained that the officers lacked reasonable suspicion to conduct a *Terry* stop.

2

*Suppression Hearing*

{¶4}   At the suppression hearing, Officer Joshua Condon identified himself as a member of the Gun Crime Task Force, which was patrolling the area because of its reputation of "high level of gun crime [and] drug transactions," and because "drug transactions go hand in hand with gun crimes." Condon explained that officers spotted marijuana in the Escape, which was "still illegal" in Cincinnati, and officers were instructed to destroy any contraband and provide a written warning. After "two to five minutes," Condon used his commercially sold "lockout kit" to break into the Escape. According to Condon, Harris approached the officers surrounding the Escape, claiming ownership, and remarked that the officers had no right to search the Escape.

{¶5}   Officers detained Harris. Condon recalled that Harris complied with orders to place his hands behind his back, and while he was being handcuffed "another officer alerted me to the gun" before Harris informed officers "he was a CCW holder."

{¶6}   At a later hearing, the trial court denied the motion to suppress, finding that officers had probable cause to detain Harris. Specifically, Condon "observed what he believed to be marijuana inside a motor vehicle" and as officers surrounded the truck, Harris approached. The trial court continued, explaining that "[w]hile no marijuana was seized – this happened in the city of Cincinnati, Hamilton County, State of Ohio – Officer Condon noticed the defendant had a firearm in his waistband."

*Plea Hearing*

{¶7}   Initially, Harris pleaded guilty to the complaint as charged. The following day, he withdrew that guilty plea and entered a no-contest plea. Harris informed the trial court that he would "stipulate to the facts in the record and in the complaint." The trial court accepted his plea and sentenced Harris.

{¶8} But following an off-the-record discussion, the parties returned to the courtroom and the state explained that in 2020, Harris

did knowingly fail to inform law enforcement officers of his CCW permit, contrary to and in violation of Section 2923.16 of the Ohio Revised Code, a misdemeanor in the first degree, when during a drug investigation he was approached by officers, and as a subject he was detained, and a loaded Glock 26 nine millimeter was in the subject's front right pocket.

{¶9} Harris's attorney responded:

Waive further reading, stipulate to what's been read in the record, Your Honor. We'll waive any defects with respect to the sentencing that had gone forward, Judge. We understand we wanted to cure any issues, and we would stipulate to the facts that have been read into the record and are appropriate, Judge.

{¶10} Once again, the trial court found Harris guilty of a violation of R.C. 2923.16(E)(1). On appeal, Harris raises two assignments of error.

## II. Law and Analysis

### *Harris Invited The Error*

{¶11} We begin with Harris's first assignment of error, where he challenges the trial court's finding of guilt because his no-contest plea failed to admit to facts that would establish the elements of a violation of R.C. 2923.16(E)(1).

{¶12} A no-contest plea "is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint." Crim.R. 11(B)(2); s*ee* R.C. 2937.07. After accepting a no-contest plea for a misdemeanor offense, a trial court "may make a finding of guilty or not guilty from the

4

explanation of the circumstances of the offense." R.C. 2937.07. The explanation-of-circumstances requirement is designed " 'to ensure that the trial court does not make a finding of guilty in a perfunctory fashion.' " *State v. Haskamp*, 12th Dist. Clermont No. CA2019-04-033, 2020-Ohio-419, ¶ 13, quoting *State v. Cox*, 12th Dist. Madison No. CA2001-01-003, 2001 Ohio App. LEXIS 4277, 2-3 (Sept. 24, 2001), citing *Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 151, 459 N.E.2d 532 (1984).

**{¶13}** But the facts to which a defendant admits must establish the elements of the offense. In other words, "the explanation of circumstances must contain sufficient information to support all of the essential elements of the offense." *State v. Robinson*, 1st Dist. Hamilton No. C-170473, 2018-Ohio-1797, ¶ 3, citing *Bowers* at 150. Further, " 'a no contest plea may not be the basis for a finding of guilty without an explanation of circumstances.' " *Haskamp* at ¶ 12. Indeed, the explanation of circumstances provides a degree of protection for the defendant "even though he has admitted to the allegations of the complaint." *City of Girard v. Giordano*, 155 Ohio St.3d 470, 2018-Ohio-5024, 122 N.E.3d 151, ¶ 18.

**{¶14}** At issue is a violation of R.C. 2923.16(E)(1), which provides,

No person who has been issued a concealed handgun license * * * [and is carrying] documentation of a successful completion of firearms training as described in [R.C. 2923.125 (G)(1)], who is the driver or an occupant of a motor vehicle that is stopped as a result of a traffic stop or a stop for another law enforcement purpose * * * and who is transporting or has a loaded handgun in the motor vehicle or commercial motor vehicle in any manner, shall do any of the following:

(1) Before or at the time a law enforcement officer asks if the person is

5

carrying a concealed handgun, knowingly fail to disclose that the person then possesses or has a loaded handgun in the motor vehicle.

{¶15} We agree that the state's explanation of circumstances fails to establish that Harris was a driver or occupant of the Escape, or that he had a loaded handgun in the truck. And we agree, as Harris argues, that the facts in the complaint fail to establish that he was the driver or occupant of a motor vehicle stopped by law enforcement, that the firearm was in the motor vehicle, or that he failed to disclose to the officers that the firearm was in the motor vehicle.

{¶16} But we also agree with the state's argument that the invited-error doctrine precludes Harris from " 'tak[ing] advantage of an error which he himself invited or induced the court to make.' " *State v. Arnold,* 2017-Ohio-326, 72 N.E.3d 715, ¶ 12 (3d Dist.), quoting *State v. Ritch*, 4th Dist. Scioto No. 97CA2491, 1998 Ohio App. LEXIS 2193, 4 (May 11, 1998), citing *State ex rel. O'Beirne v. Geauga Cty. Bd. of Elections,* 80 Ohio St.3d 176, 181, 685 N.E.2d 502 (1997), and *State ex rel. Bitter v. Missig*, 72 Ohio St.3d 249, 254, 648 N.E.2d 1355 (1995). Here, Harris did more than waive the reading of the explanation of circumstances. He informed the trial court that Harris "wanted to cure any issues" and stipulated "to the facts that have been read into the record [] are appropriate." Consequently, Harris invited the error.

{¶17} We overrule Harris's first assignment of error.

### *The Investigatory Stop Was Constitutional*

{¶18} In his second assignment of error, Harris maintains that the trial court erred when it denied his motion to suppress the firearm evidence seized by the police. First, Harris argues that the officers lacked probable cause to arrest Harris when they handcuffed him. Second, Harris contends that the officers lacked facts to support an investigatory stop.

{¶19} A trial court's ruling on a motion to suppress presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8. We must accept the trial court's factual findings as true if they are supported by competent, credible evidence. *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 437 N.E.2d 583 (1982). But we review the trial court's legal findings de novo. *Id.* ("the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.").

{¶20} The Ohio and United States Constitutions protect the rights of people to be free from unreasonable searches and seizures. *See* Fourteenth Amendment to the United States Constitution and Article I, Section 14, Ohio Constitution. The rights of Ohioans to be free from unreasonable searches and seizures under the Ohio Constitution are interpreted as having "at least the same protection [under] the Fourth Amendment." *State v. Leak*, 145 Ohio St.3d 165, 2016-Ohio-154, 47 N.E.3d 821, ¶ 13.

{¶21} To make a warrantless arrest, an officer must have probable cause to do so. *State v. Jordan*, 166 Ohio St.3d 339, 2021-Ohio-3922, 185 N.E.3d 1051, ¶ 19, citing *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964);*United States v. Watson*, 423 U.S. 411, 415, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976). Probable cause is a nontechnical concept, " 'defined in terms of facts and circumstances "sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense." ' " *Jordan* at ¶ 19, quoting *Beck* at 96, quoting *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543, T.D. 3686 (1925).

{¶22} But officers may temporarily detain a person during a brief investigative stop if "the officer has reasonable, articulable suspicion that the person has been, is, or is about to be engaged in criminal activity." *State v. Hawkins,* 158 Ohio St.3d 94, 2019-Ohio-4210, 140 N.E.3d 577, ¶ 19, quoting *United States v. Place,* 462

U.S. 696, 702, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983); *see Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is a "less demanding" standard. *State v. Houston,* 1st Dist. Hamilton No. C-190598, 2020-Ohio-5421, ¶ 57. To find that an officer has reasonable suspicion, there must be a " 'particularized and objective basis' for suspecting the person stopped of criminal activity." *Id.,* quoting *United States v. Cortez,* 449 U.S. 411, 417-418, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981). When assessing reasonable suspicion, " 'the totality of circumstances' must be considered and 'viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold.' " *Hawkins* at ¶ 21, quoting *State v. Andrews,* 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991).

**{¶23}** Here, the trial court found that Condon "observed what he believed to be marijuana" inside the Escape before Harris approached the officers and claimed ownership of the truck. Condon testified that Harris was detained as part of the investigation into the marijuana in the truck. Further, Condon testified that "there was an unknown amount, total, of marijuana in that vehicle."

**{¶24}** Under Cincinnati Municipal Code 910-23(A), "[n]o person aged eighteen or over shall knowingly obtain, possess, or use marijuana in an amount less than one hundred grams." Though "[w]hover violates this section is guilty of possession of marijuana, a minor misdemeanor," a person who violates Cincinnati Municipal Code 910-23 "shall be fined $0.00, provided that any such use of marijuana did not occur in a public place."

**{¶25}** While Harris contends that possession of marijuana is not an arrestable offense under current policy of the Cincinnati Police Department, Condon's testimony established that officers had reasonable suspicion to believe that Harris had violated Cincinnati Municipal Code 910-23. And in the process of detaining Harris, the firearm

8

was spotted in plain view. *See State v. Gies*, 2019-Ohio-4249, 146 N.E.3d 1277, ¶ 10 (1st Dist.).

**{¶26}** In sum, officers possessed reasonable suspicion to detain Harris and the trial court properly denied the motion to suppress. The second assignment of error is overruled.

### III. <u>Conclusion</u>

**{¶27}** We overrule Harris's two assignments of error and affirm the conviction.

Judgment affirmed.

**BERGERON, P.J.,** and **WINKLER, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.